VRW 550

FILED
APR 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name PAGE, SAMMY L

    (Last)       (First)      (Initial)

Prisoner Number CO-86-9   CDC #D-54861

Institutional Address P.O. BOX 5003, Unit Three Rm.2

24511 West Jayne Ave, Coalinga CA 93210

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

VRW

SAMMY L. PAGE

(Enter the full name of plaintiff in this action.)

CV 08 2184

vs.

Case No. _____

(To be provided by the clerk of court)

Arnold Schwarzen-
egger, et al.,

**COMPLAINT UNDER THE**
**CIVIL RIGHTS ACT,**
**42 U.S.C §§ 1983**

(PR)

_____

_____

(Enter the full name of the defendant(s) in this action))

# E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies

[**Note:** You must exhaust your administrative remedies before your claim can go

forward. The court will dismiss any unexhausted claims.]

A.   Place of present confinement *see no. 6 above*

B.   Is there a grievance procedure in this institution?

        YES (X)    NO ( )

C.   Did you present the facts in your complaint for review through the grievance

procedure?

        YES( )    NO (X)

D.   If your answer is YES, list the appeal number and the date and result of the

COMPLAINT            - 1 -17 Appendix A-n

1    appeal at each level of review.  If you did not pursue a certain level of appeal,

2    explain why. *P 2 F.*

3    1. Informal appeal _____

4    _____

5    _____ 2. First

6    formal level_____

7    _____

8    _____

9    3. Second formal level_____

10    _____

11    _____ 4 Third

12    formal level _____

13    _____

14    _____

15    E.    Is the last level to which you appealed the highest level of appeal available to

16        you?

17            YES ( )      NO ( )  *N/A.*

18    F.    If you did not present your claim for review through the grievance procedure,

19    explain why. *See P 5* _____

20    _____

21    _____

22   II.    Parties

23    A.    Write your name and your present address.  Do the same for additional plaintiffs,

24        if any.

25    *Sammy L. Page, CO-B6-9*

26    *P.O. Box 5003, Unit Three Rm.2, 24511 West Jayne*

27    *Ave, Coalinga CA 93210*

28    B.    Write the full name of each defendant, his or her official position, and his or her

COMPLAINT                            - 2 -

1    place of employment.
2    _See P6 Para 3 through P8 Para 7_
3    _____
4    _____
5    _____
6    _____III.
7    Statement of Claim

8        State here as briefly as possible the facts of your case. Be sure to describe how each

9    defendant is involved and to include dates, when possible. Do not give any legal arguments or

10   cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

11   separate numbered paragraph.

12   _Incorporates P9, Para 12 thru P12.C_
13   _____
14   _____
15   _____
16   _____
17   _____
18   _____
19   _____
20   _____
21   _____
22   _____
23   _____
24   _____

25   IV.    Relief

26       Your complaint cannot go forward unless you request specific relief. State briefly exactly

27   what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

28   _____

COMPLAINT                           - 3 -

1    a. Declaring that the acts, Practices
2    of Defendants setforth in Paragraphs 17-
3    18 above constitute a Pattern or Practice
4    of resistance to Plaintiff and Similarly
5    Situated Under Act full enJoyment of rights,
6    Continue P/7

7    I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this  21    day of  April         , 20 008

10

11              Sammy L. Page.

12                  (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                        - 4 -

PLRA's requirement of exhaustion
Of administrative remedies, not subject to
Page who is Civilly Committed under SVPA. see
PAGE V Torrey, 201 F. 3d 1136, 1138, 1140(9th cir.
2000)

5

1. Plaintiff files this Title 42 U.S.C. Section 1983 action, challenge the constitutionality of Criterion A Paraphilia, 302.9 DSM-TR-IV (2000),* against enforcement, insofar as that Criterion on its face to employ the statute's (W.I.C. section 6600 (a)(1)) terminology against Plaintiff and other similarly situated since "97" raise serious constitutional questions about the disorder's ability to satisfy "substantive due Process." In addition, Welfare and Institution section "6603(c)," against enforcement, insofar as that statute on its face against Plaintiff and similarly situated that decline voluntary, it <u>compel</u> interviews for Purposes of update evaluations violates federal guarantees of First Amendment against State action the right to speak freely and the right to refrain from speaking at all; Fifth Amendment right to silence and against sanctions for remaining silent.

2. Since Sept 13, 2000, California has required Compel interviews as interpreted by the State's highest court.** Stats.2000, C.420(s.B.2018) sec.2).

3. Defendant Arnold Schwarzenegger is the Governor of the State of California, and in

6

* P566, 572

that capacity, has responsibility for the enfor-
cement of the laws enacted and chief official
of the people of California.

4. Defendant Thomas J. orloff, District Att-
orney of Alameda County state of California,
who has responsibility for overseeing the
operations of district attorney's office and dep-
uty district attorneys assigned to SVP's unit
in that county. 1225 Fallon st, Rm. 900, oakl-
and CA 94612-4292.

5. Defendant stephen w. Mayberg is the
Director of California Dept. of Mental Health,
which has responsibility for overseeing the
operations of sex offender commitment program
(SOCP) evaluators and enforcement of SVPA
mental health evaluations for initial, recommit-
ment and updates. 1600 9th st, sacramento CA
95814.

6. Defendant Jeremy Coles, clinical evaluator
that contractor with calif. Dept. of mental health,
train by SOCP, required to follow SOCP clinical
evaluation standardized assessment protocol, who
did Extension Evaluation assessment 302.9
11-8-05 certified 2-7-06. Appendix A P2 first- th-

7

** Albertson v Superior court, 25 Cal. 4th 796 (01)

ird. Para, P 31 first-second Para; APPendiX B.

7. Defendant John HuPka, Clinical evaluator that Contractor with Calif. Dept. of mental health, train by SOCP, required to follow the same Protocol as Coles, supra, who did Recommitment Evaluation assessment 302.9 12-1-05 certified 2-7-06. APPendiX A, supra; APPendiX C.

8. California SVPA allows Order Compelling interviews through Petition by District Attorney, enforced by DMH SOCP for the Purpose of Preparing UPdate evaluations and failure to submit face-to-face interviews Sanction by state Court for disobeying. APPendiX D, E P 11 third Para.

9. Plaintiff's inJury fairly traceable to Commitment in 04, Petition for recommitment 2-23-06, Probable Cause found May 26, 06, Amended Petition Pursuant to Prop. 83, 5B 1128 12-5-06; that threat of repeated inJury in the future by California through SchwarZenegger, Orloff, Mayberg's evaluators, Coles and HuPka. APPendiX D, H, F, G.[11]

10. Because Plaintiff has been Committed in 04, the requirement that a SVP Verify his residency and employment every ninety days after release

8

(11) BourgueZ V SuPerior Court, 156 C.A. 4th 1275 (07) (

from Confinement. Calif. Penal Code section 290 (a)
(1) (E) & (9) (5). That amounts to real threat of
suffering future irreparable injury in fact fairly
traceable. Appendix H.

11. Defendants named in Paragraphs 2 through
9 are sued in their official capacity.

12. Statement of Claim

The relevant disorder evaluation 97 ass-
essment (DSM-IV 302.9) Paraphilia, second
evaluator (302.84) sexual sadism. Probable
Cause found in 99. DMH in 03 through district
attorney requested update evaluations for new
Probable Cause. The same two DMH Contractor
evaluators in 97, 2-11-03 and 2-20-03 sought
interview for update evaluations and Plaintiff
declined to speak. Both evaluations assessments
same as in 97. Plaintiff's initial Probable Cause
vacated 3-14-03. The district attorney introduced
over Plaintiff's objection both evaluations into
evidence and Probable Cause found 4-4-03.

13. Because Plaintiff repeatedly refuse to
speak, California through district attorney argu-
ed that to Court and indicated the People have
a motion to compel him to interview, and would

9

upheld application 1128 and Prop. 83) accord People V
Whaley, H031647 filed 3-3-08 sixth Dist.

litigate that. Plaintiff asserted fifth amend-
ment rights. The court ruled fifth amendment
would not apply. People filed motion to compel. App-
endix I. That order filed. Appendix D. DMH same
evaluators in 97, 03, Per order to compel did up-
date interviews in 04. Both assessments same
as in 97, 03. Plaintiff's Judge trial start 5-11-04,
Committed May 17, 04. Appendix H.

14. State of California through state hospital
and DMH Contractor Coles and Hupka sought
interview for Purposes of recomment evaluat-
ion in 05. Plaintiff refused to speak to both. Both
assessment (302.9 DSM-IV-TR (2000) the same.
Appendix B, C. Plaintiff admitted to Coalinga
State Hospital 11-18-05 and Wellness And Recovery
Plan 11-30-05 AXIS II (DSM-IV-TR (2000) 301.7 Ant-
isocial Personality Disorder) Deferred and remain
08. Appendix J. The diagnosed mental disorder
(Paraphilia) to employ the Act's terminology, is
indistinguisable from the dangerous but typical
recidivist convicted in a ordinary criminal case.
Appendix K, accord Appendix n.

Since California does not allow an attorney
present at interviews for evaluations and allows
10
(2) Despite In re Gault, 387 U.S. 1, 49 (67)

to obtain _updates_ in the event there was a _delay_ in beginning Plaintiff's Commitment trial. That threat of _repeated_ injury in the _future_.

15. Plaintiff _once_ placed in Jeopardy by California and district attorney Alameda County and Convicted by Jury trial 71, 77, 86, Judge on ParPhilia 04 and Committed on. Appendix L, M, N, H. That threat _attache_ a scheduled trial Appendix G. Jeopardy _twice_ after his Prior conviction and ParaPhilia _trial_ 04, on its face and as applied violate double Jeopardy clause against being twice Put in _Jeopardy_ of Fifth Amendment. S. B. 1128 sec. 53, 55 6604, Prop. 83 sec. 1, 24, 27, 31 6604.[3]

16. Defendants are legally responsible, in whole or in part, for implementation of ACt in a manner that does not infrine upon federal Constitutional rights and by other federal law.[4]

17. At all relevant times, Defendant California, Schwarzenegger, Orloff, Mayberg, Coles, Hupka have acted alleged herein, under Color State law.

18. California's statute is unconstitutional in the following respects:

a. The main diagnostic Characteristic of ParaPhilia Criterion A, to employ the statute's termino-

11

(3) Jeopardy _attached_ when Jury was sworn. U.S.
(4) P 13 fn 4

logy raises questions about the disorder's ability to satisfy substantive due process, because it may be that _every_ criminal convicted of a sexual crime could be diagnosed with the disorder; [5]

b. The state statute on its face and as applied to Plaintiff unconstitutional because individuals who does not _voluntary_ submit it _compel_ interviews for purposes of update evaluations, penalized for remaining silent;

c. California's statute violates fifth amendment against being _twice_ put in jeopardy, equal protection.                    12

v Supply Co, 430 U.S. 564 (77). This has been interpreted as a prohibition "not against being twice punished, but against being twice put in jeopardy." US v Ball, 163 U.S. 662, 669 (1896). Under the Double Jeopardy clause, the government may not generally prosecute a defendant in a second proceeding when that defendant has been previously convicted, or acquitted, of the same crime. North v Pearce, 395 U.S. 711, 717 (69) accord US v Enas, 204 F.3d 915, 917 (9th Cir. 2000). Smith v Doe, 538 U.S. 82, 92 (03) (If intention of legislature was to impose punishment, that ends the inquiry.) Kansas v Hendricks, 521 U.S. 346, 361 (97) (we ordinarily defer to the legislature's stated intent.) Prop. 83 sec. 1, 31.

(5) P 13 fn 5

Violations Alleged

Count one:

Violations of First Amendment to United
States Constitution

19. Plaintiff incorporates by reference the all-
egations set forth in Paragraphs 1 through
18 b., as if fully set forth herein.

20. The egregious and flagrant acts all-
eged in Paragraph 18 b., constitute a
Pattern or Practice that violates the
federal rights, as protected by the First
Amendment to the constitution of the
United States and by other federal law,
of Plaintiff committed under Act.

21. Unless restrained by this court, Defend-
ants will continue to engage in the egre-

(4) Hydrick; Page v Hunter, slip opinion, 10913, 10937 (
Aug 30, 9th cir. 07)(citing Barnette and Safley)
(5) Kansas v Hendricks, 521 U.S. 346, 373 (97)(If it
were shown that mental abnormality is too imprec-

13

gious and flagrant acts set forth in Parag-
raph 18 b., that deprive the Plaintiff and Sim-
ilarly Situated of rights, secured or Protec-
ted by the Constitution of the United States
and federal law, and will Cause irrepar-
able harm to Page in the future.

## Count Two
### Violations of Fifth Amendment to United States Constitution

22. Plaintiff incorporates by reference
the allegations set forth in Paragraphs 1
through 18 b-c., as if fully set forth herein.

23. The egregious and flagrant acts
alleged in Paragraph 18 b-c., Constitute a
Pattern or Practice that Violates the
federal rights, as Protected by the Fifth
Amendment to the Constitution of the
United States and by other federal law, of
Plaintiff Committed under Act.

24. Unless restrained by this Court, Defen-
dants will continue to engage in the egr-
egious and flagrant acts set forth in Paragra-
Ph 18 b-c.,   that deprive the Plaintiff and
Similarly Situated of rights, secured or Prot-

ise a category to offer a Solid basis for concluding that civil detention is Justified our Precedents

ected by the Constitution of the United
States and federal law and will cause
irreparable harm to Page in the future.

### Count Three
#### Violations of the Civil Rights Act

25. Plaintiff incorporates by reference the
allegations set forth in Paragraphs 1 thr-
ough 18 as if fully set forth herein.

26. The egregious and flagrant acts alle-
ged in Paragraph 18 Constitute a Pattern
or Practice that Violates the rights, as Prot-
ected by Title 28 U.S.C. Section 1983.

27. Unless restrained by this Court Defen-
dants will continue to engage in the egre-
gious and flagrant acts set forth in Para-
graph 18 that deprive Plaintiff and similarly
situated of rights, Privileges, or immunities
secured or protected by the Constitution
of the United States and federal law, and
will cause irreparable harm to Page in
the future.

### Count Four
#### Violations of the Due Process Protections
of Fourteenth Amendment to United
States Constitution

15

would not suffice to Validate it.)

28. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 18 as fully set forth herein.

29. The egregious and flagrant acts alleged in Paragraph 18 constitute a Pattern or Practice that violates the federal rights, as protected by the Fourteenth Amendment to the constitution of the United States and by other federal law, of Plaintiff and similarly situated, committed under Act.

30. Unless restrained by this court, Defendants will continue to engage in the egregious and flagrant acts set forth in Paraprah 18 that deprive the Plaintiff and similarly situated of rights, Privileges, or immunities secured or Protected by the constitution of the United States and federal law, and will cause irreparable harm in the future under a statute alleged to Violate Plaintiff's Constitutional rights.[6]

16

(6) Prentky, R. A., et al, Sexually violent Predators In The Court Room science on Trial, Psychology, Public Policy, And Law vol. 12, No. 4 (11-06) P 357, 367 Second Para: 7-11, P 370 third Para: 4-11.

Relief

Privileges or immunities secured or Protected by the Constitution or laws of the United States, and that those acts, Practices violate the Constitution and laws of the United States; and

b. Prospective injunction barring further Criterion Paraphilia enforcement, compel interviews for Purposes of update evaluations by Defendants, their officers, agents, employees, Subordinates, successors in office, and all those acting in concert or Participation with them, from Continuing the acts, Practices set forth in Paragraphs 17-18 above under a statute alleged to violate Plaintiff's and other similarly situated; barring being Placed in Jeopardy further; and

c. Granting such other and further equitable relief as the court may deem Just and Proper.

Dated: April 21, 08

Respectfully submitted

Sammy L. Page

SAMMY L. PAGE

APPendix A Protocol 1-04
P 2, 31

# CLINICAL EVALUATOR HANDBOOK
# AND
# STANDARDIZED ASSESSMENT PROTOCOL

## JANUARY 2004

California Department of Mental Health
Sacramento, California

Appendix A

389

## STANDARDIZED ASSESSMENT PROTOCOL

WIC Section 6601(c) requires that a person referred from CDC be evaluated in accordance with a standardized assessment protocol, developed and updated by the DMH. This clinical evaluator handbook is the centerpiece of that protocol. This handbook may be supplemented by additional instructions to clinical evaluators as necessary. This handbook and all supplemental instructions to DMH staff and contractors in the implementation of the SVP law is the required standardized assessment protocol.

## EVALUATOR PANEL

The DMH utilizes state employees and contractors as its clinical evaluators. All evaluations are assigned, supervised, and submitted to the SOCP Evaluation Unit in Sacramento in accordance with instructions contained in this handbook. The address and phone number for the SOCP Evaluation Unit is located on the Table of Contents page at the front of this handbook.

State contract evaluators are selected, trained and supervised by the SOCP Evaluation Unit. Evaluators are required to interview and evaluate persons in accordance with the protocol contained within this handbook, as well as present their findings in court when necessary. In accordance with the requirement for independent evaluations (WIC 6601(e)), state contractors are the sole resource for the Department when the first two evaluations result in a split opinion.

## EVALUATOR LIABILITY

In Section 1618 of the Penal Code, the following statement addresses liability for staff or contractors who perform evaluations and provide court testimony in SVP cases:

The administrators and the supervision and treatment staff of the Forensic Conditional Release Program shall not be held criminally or civilly liable for any criminal acts committed by the persons on parole or judicial commitment status who receive supervision or treatment. This waiver of liability shall apply to employees of the State Department of Mental Health, the Board of Prison Terms, and the agencies or persons under contract to those agencies, who provide screening, clinical evaluation, supervision, or treatment to mentally ill parolees or persons under judicial commitment, or considered for placement under a hold by the Board of Prison Terms.

Appendix A

392

## SVP COMMITMENT EXTENSION EVALUATIONS

Extension evaluations (sometimes referred to as "recommitment" evaluations) are clinical evaluations of persons who are presently civilly committed as a sexually violent predator, and, most likely, are in custody in a state hospital. The standardized assessment protocol that is described in the Clinical Evaluator Handbook and Standardized Assessment Protocol also applies to SVP extension evaluations. However, there is supplemental information to consider that would not be necessary to consider when evaluating a person who has never been committed as a sexually violent predator. References in this supplement to an SVP means a civilly committed sexually violent predator. References to the "initial" evaluation means the evaluation of an SVP evaluation of a person who is not currently a civilly committed SVP.

## EVALUATOR RESPONSIBILITY

The SVP has been committed by a superior court to the care and custody of the state hospital. Therefore, the state hospital is responsible for all medical and evaluation services rendered to an SVP. The extension evaluation assigned to a contract evaluator by the Sex Offender Commitment Program in Sacramento has been requested by the state hospital. For this reason, the original copy of the extension evaluation is mailed to the state hospital. (At Atascadero State Hospital, this would be the Health Information Management Department.) A copy of the evaluation's first page is provided to the Sex Offender Commitment Program in Sacramento for the purpose of substantiating that the contract work has been performed. The state hospital provides the patient with a slightly modified Notification of Evaluation as a Sexually Violent Predator.

## PRIMARY DIFFERENCES FROM INITIAL EVALUATIONS

Past qualifying convictions should be noted and described, but do not require elaboration or the type of analysis that is required in an initial evaluation (e.g., descriptor of force, violence, duress, menace and fear). The elements legally qualifying the individual have been proven to be present by virtue of the person's prior SVP commitment.

The "likely" standard, as defined in this Evaluator Handbook, remains the same for persons evaluated for commitment extension.

### State Hospital Treatment Consideration

Like the initial evaluation, the evaluator's assignment is not treatment, but to evaluate static and dynamic information about the patient against legal criteria. In so doing, the hospital treatment record must be considered. The treatment provided to an SVP at a state hospital is provided in a Sex Offender Commitment Program (SOCP).

Appendix A    421

Appendix B Coles Evaluation
Certified 2-7-06 P1, 15, 23

Jeremy Coles, Ph.D
Clinical Psychologist
PSY 15922
510-339-6733

WELFARE AND INSTITUTIONS CODE SECTION 6600
COMMITMENT EXTENSION EVALUATION

## I. IDENTIFYING INFORMATION:

| | |
|---|---|
| Name: | Sammie Lee Page |
| CDC. Number: | D54861 |
| CII number: | A03037028 |
| DOB: | 11/18/1951 (54 years) |
| Date of contact: | 11/09/2005 |
| Facility: | Coalinga State Hospital (CSH) |
| CSH  Number: | CO 000086-9 |

| | |
|---|---|
| Initial Commitment Date: | 04/17/2004 |
| County of Commitment: | Alameda |
| Expiration of Commitment: | 04/17/2006 |

I certify that this is a true and correct copy of the original documents contained within our records.

Health Information Management Director

This Date _____

Coalinga State Hospital

1/07/2006

Mr. Sammie Page is a 54 year-old man who was initially civilly committed pursuant to the California Welfare and Institutions Code (WIC), Section 6600 on 04/17/2004 by the Alameda County Superior Court. The purpose of the current evaluation is to opine whether Mr. Page meets the criteria for civil commitment under this statute. As part of this evaluation, Mr. Page was asked to participate in a clinical interview with this examiner. Specifically, on 11/08/2005 Mr. Page was contacted by phone and informed that this evaluator had been asked by the California Department of Mental Health (DMH) to evaluate him pursuant to WIC 6600. Mr. Page indicated that he was not willing to participate in a clinical interview at this time. He was informed that in the absence of a clinical interview, an evaluation, relying upon a review of records, would be conducted. He expressed his understanding of this situation and reiterated his decision to forgo a clinical interview. Because Mr. Page was unwilling to participate in a clinical interview, the information used to complete this evaluation is limited to a review of records. Though it is possible to opine a current diagnosis and assessment of risk based upon a record review, there are limitations associated with this method. Specifically, it should be noted that without the opportunity for a current clinical interview, it is not possible to conduct a mental status examination, corroborate information reported in prior evaluations, or to obtain a current perspective from Mr. Page.

APPendiX B

## MENTAL STATUS AND TEST SESSION BEHAVIOR

Given the fact that Mr. Page refused to interview with this examiner, I was unable to provide an up to date mental status examination.

**Based on my evaluation of Mr. Page via a review of the records, I opine that Mr. Page's diagnosed mental condition is as follows:**

Axis I:    302.9    Paraphilia NOS- Non consenting partners- sadistic traits

R/O Alcohol Abuse

Axis II:   301.7    Antisocial Personality Disorder

Regarding the diagnosis of Paraphilia NOS, it should be noted that the Diagnostic and Statistical Manual of Mental Disorders - Fourth Edition - Text Revision (DSM-IV-TR) states that the essential features of a Paraphilia are, "intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) non human objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or other non consenting persons that occur over a period of at least 6 months." Additionally, the urges must have caused marked distress or impairment in social, occupational, or other important areas of functioning.

When not incarcerated or otherwise confined, Mr. Page has demonstrated chronic paraphilic behaviors that have resulted in his given up his freedom for most of his adult life. These behaviors have occurred over a 16 year period, each and every time he has been released into the community. He has been able to maintain sexual arousal despite his victims either passing out or screaming in intense pain. Moreover, the elements of his crime suggest that there is a strong element of sadism involved in his crimes as evidenced by the use of force that far exceeds what is necessary to subdue his victims and get them to comply with his sexual demands. He has choked, beaten, and bitten his victims despite their protests and appears to have become aroused by his activity. Notably, the only reason that I am not giving him the diagnosis of Sexual Sadism is because I believe there are other trends to his paraphilia that are not accounted for by this diagnosis. That is to say, beyond the arousal that he appears to derive by their humiliation and pain, he simultaneously wants their affection and love, as evidenced by telling one victim he was in love with her. In summary, this is a man with a longstanding history of paraphilic behavior, a history that points to the intense and recurrent nature of his deviant desires. He has suffered severe impairment in his social and occupational functioning in that this same behavior has resulted in his incarceration for nearly all of his adult life and has prevented him from developing a meaningful occupation, meaningful relationship, or continuing any sort of relationship with his family.

In terms of the rule out diagnosis of Alcohol Abuse, Mr. Page has given multiple contradictory versions of his alcohol and drug use. He did sustain drunken driving convictions as an adolescent and was found to be manufacturing alcohol in prison. These facts speak to a possibility that he has abused the substance sufficiently to warrant this diagnosis. However, with such contradictory self-

**Appendix B**

Re: Page
CSH No. 000086-9

WIC 6600 Extension Evaluation
01/07/2006
Page 23 of 23

Mr. Page has declared that he does not need sex offender treatment. He has refused such treatment in the state hospital and there is absolutely no reason to assume that he would voluntarily seek out and attend such treatment in the community. For this reason, I am of the opinion that he is in need of mandated treatment in the state hospital if he is to receive adequate help for his sexual disorder.

### III. **Conclusion:**

Based on the above information, in my opinion, Mr. Page does meet the criteria as a Sexually Violent Predator, as described in Section 6600(a) of the Welfare and Institutions Code.

Respectfully Submitted,

Jeremy Coles Ph.D

Jeremy Coles, Ph.D
Consulting Psychologist
PSY15992

*APPendix B*

Appendix C Hupka Evaluation
Certified 2-7-06 P 1, 24, 32

**JOHN HUPKA**, Ph.D.
Licensed Clinical Psychologist

P.O. Box 797, Shingle Springs, CA. 95682                           Ph./ fax #  (530) 677-5159

## WIC 6600 RECOMMITMENT EVALUATION

### I. IDENTIFYING INFORMATION

| | |
|---|---|
| Name: | PAGE, Sammie |
| ASH AT #: | 047559-0 |
| CDC # : | D54861 |
| CII #: | A03037028 |
| Date of Birth: | 11/18/51 |
| Facility: | DMH-Coalinga |
| County of Commitment: | Alameda |
| ASH Initial Admission Date: | 1/22/98 |
| Initial Date of Commitment: | 3/25/04 |
| Current Housing Unit: | 30 |
| Date of Evaluation: | 12/1/05 |

I certify that this is a true and correct copy of the original documents contained within our records.

*Donnell Nickes*

Health Information Management Director
This Date  *January 7, 2006*

**Coalinga State Hospital**

For this evaluation, I attempted to interview Mr. Page on 12/1/05 at the DMH facility at Coalinga. He refused to come to the interview room to participate in the interview. As a result of his refusal to participate in a direct clinical interview, this evaluation is based only on the information in his record, including the information obtained from his Atascadero State Hospital treatment records and his CDC central file. An evaluation based only on the patient's record has certain limitations. For example, there is the limitation that the individual's self-report and own perspective cannot be directly assessed. I was not able to directly ask him questions about his psychosocial history, his attitudes toward sex offenses, or his plans to avoid future sex offenses, nor was I able to conduct a mental status exam. This evaluation is conducted with these caveats and limitations in mind, and the reader is encouraged to keep these limitations in mind also.

### Sources of Information

1.  Abstract of Judgment from the Alameda County Superior Court for conviction date 8/18/71, Case #50619.
2.  List of Offense Count Charges submitted by the Alameda County District Attorney for Case #50619.
3.  Probation Officer's Report for Alameda County Case #50619 signed by Probation Officer Kingsbury dated 9/14/71.
4.  Abstract of Judgment from the Alameda County Superior Court dated 8/25/71 for Case #31028.
5.  Probation Officer's Report for Alameda County Case #49642 and #51028.
6.  Document from the Alameda County District Attorney dated 6/15/71.
7.  Alameda County District Attorney Document for Case #s50619, 50128 and 49642.

*Appendix C*

*John Hupka Ph.D.*          *WIC 6600 Recommitment Evaluation*          *Patient: Sammie Page*
                                                                              *2/4/2006*

substance abuse history to different evaluators at different times and his self-report in this
regard is not reliable. He apparently has had arrests for DUI and this suggests that a diagnosis
of alcohol abuse may be warranted. At the present time, I do not confidently know enough
about his substance abuse history to know whether a diagnosis of substance abuse is or is not
warranted.

Diagnosis DSM IV-TR

|          |       |                                                  |
|----------|-------|--------------------------------------------------|
| Axis I:  | 302.9 | Paraphilia NOS, sex with non-consenting persons. |
| Axis II: | 301.7 | Antisocial Personality Disorder.                 |

In my opinion, Mr. Page meets the criterion of having a diagnosed mental disorder that impairs
his emotional or volitional capacity and predisposes him to the commission of criminal sexual
acts in a degree constituting him a menace to the health and safety of others.

## C. Is The Patient Likely To Engage In Sexually Violent Predatory Criminal Behavior As A Result Of His Diagnosed Mental Disorder Without Appropriate Treatment And Custody?  Yes

It is the opinion of this evaluator, as well as Mr. Page's Interdisciplinary Treatment Team, that
he continues to suffer from a diagnosed mental condition. Further, in the opinion of this
evaluator, Mr. Page is likely to engage in sexually violent criminal behavior in the future unless
he is provided with appropriate treatment and custody.

### ACTUARIAL DATA

In order to establish a base line level of risk that Mr. Page will commit another sexually
violent offense, he was scored on the Static-99, which is an actuarial measure of risk for
sexual offense recidivism. This instrument has been shown to be a moderate predictor of
sexual reoffense, which was defined on this instrument as being rearrested or reconvicted
of a new sexual offense. On the Static-99, he receives a total score of 8, which places him
in the high category for being convicted of another sexual offense when compared to other
sex offenders in his age group. On this scale he receives the following scores:

| Item # | Risk Factor                               | Score   |
|--------|-------------------------------------------|---------|
| 1      | Young age                                 | 0       |
| 2      | Ever lived with a lover for two years     | unknown |
| 3      | Index conviction for non-sexual violence  | 1       |
| 4      | Prior convictions for non-sexual violence | 1       |
| 5      | Prior sex offenses                        | 3       |

*Appendix C*

24

*John Hupka Ph.D.*            *WIC 6600 Recommitment Evaluation*            *Patient: Sammie Page*
*2/4/2006*

Respectfully submitted,

John Hupka Ph.D

John Hupka, Ph.D.
Licensed Psychologist
Lic # PSY 12944

# Appendix C

32

Appendix D Order Compelling 3-10-04 P1-2

C00450

**SUPERIOR COURT OF THE STATE OF CALIFORNIA** F E D

**COUNTY OF ALAMEDA** ALAMEDA COUNTY

MAR 1 0 2004

CLERK OF THE SUPERIOR COURT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF<br>CALIFORNIA, | ) | No. 113518 _Arnold_ |
| | ) | Deputy |
| | ) | ORDER COMPELLING |
| | ) | INTERVIEWS FOR THE PURPOSE |
| v. | ) | OF PREPARING UPDATED |
| | ) | EVALUATIONS PURSUANT TO |
| SAMMIE PAGE, | ) | WELF. & INST. CODE, § 6603(c) |
| | ) | |

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED:**

1. That for the purpose of preparing updated evaluations pursuant to Welfare and Institutions Code section 6603, subdivision (c), Respondent Sammie Page shall submit to two face-to-face interviews by evaluators assigned by the Department of Mental Health, at Atascadero State Hospital or Santa Rita County Jail at a date and time to be selected by each doctor and agreeable to Petitioner's attorney and Respondent's attorney. (See also, **CCP 2032** which authorizes mental examinations of a party in a civil case whenever the mental condition of the party is "in controversy.")

2. That each doctor give notice of the date and time selected for each interview to Deputy District Attorney Jill L. Nerone, 1225 Fallon Street, #900, Oakland, CA 94612, (510) 272-6265, and to Respondent, Sammie Page, Atascadero State Hospital, Atascadero, California.

3. That upon receiving notification of the date and time of each interview, Deputy District Attorney Jill L. Nerone shall contact Atascadero State Hospital or Santa Rita Jail and request that Respondent be made available for each face-to-face interview. The interview shall take place in the Unit 121 Conference Room or in a location that allows face-to-face interaction. The location shall be free from noise that would interfere with the tape recording of the interview.

4. That Petitioner and Respondent shall have the right to record the interview on audio tape pursuant to Code of Civil Procedure section 2032, subdivision (g)(2). Atascadero State Hospital is set-up to accommodate tape recording. If Atascadero cannot provide a tape recorder, the doctor shall be allowed to bring one, and the tape recorder and blank tapes shall be provided the District Attorney's Office upon request. If present, each attorney shall have the responsibility of starting the recorder at the beginning of the interview and changing tapes when necessary. If no attorney is present, each doctor shall run the recorder and change the tapes. Upon completion of the interview, each party is to maintain custody of his or her own audio tapes. Neither the Department of Mental Health nor the doctors conducting the interview are responsible for maintaining custody of the audio tape recording or the recorder; that is the duty of each party.

5. That Deputy District Attorney Jill L. Nerone and Counsel for Respondent, if any, may be present during each interview. (Code of Civil Procedure section 2032, subdivisions (g)(1) and (g)(2)). An attorney for the Respondent, if any, may be present for the purpose of protecting Respondent's Fifth Amendment right to remain silent to questions regarding unknown past crimes for which there has never been a prosecution and might be subject to an unexpired or extended

*Appendix D*

C00451

1  statute of limitations. The attorneys and their representatives shall not participate in or disrupt the examination; however, Respondent's attorney, if any, or his representative may interject
2  himself in the examination to advise Respondent not to answer a question based upon a good faith belief that a particular answer could result in a Fifth Amendment violation as it pertains to
3  unknown, uncharged offenses subject to unexpired or extended statutes of limitations. Improper interference in the evaluation could lead to sanctions by the court. If an attorney's representative
4  is to serve as the observer, the representative shall be authorized to do so by a writing subscribed by the attorney that identifies the representative.

5
6  6. That each Evaluator prepare an updated evaluation which should incorporate the updated interview of Respondent and a review of his available medical and psychological records, including treatment records and consultations with current treating clinicians.

7
8  7. That each doctor, upon completion of his or her updated evaluation, shall provide a copy thereof to the Department of Mental Health.

9  8. That the Department of Mental Health is to forward a certified copy of each updated evaluation to Deputy District Attorney Jill L. Nerone at 1225 Fallon Street, #900, Oakland, CA
10  94612, and to the Respondent, Sammie Page, Atascadero State Hospital, Atascadero, California.

11  9. That failure to submit to the face-to-face interviews which are the subject of this order may result in the exclusion of any testimony from an expert associated with the respondent and based
12  on a clinical interview with the respondent as civil discovery rules contemplate such a remedy. Under Code of Civil Procedure section 2023, disobeying a court order constitutes a misuse of the
13  discovery process, justifying an evidence sanction that prohibits the offending party "from introducing designated matters in evidence." (See also *Puritan Ins. Co v. Sup. Ct.* (1985) 171
14  Cal.App.3d 877, 886 [trial court properly excluded a party's expert testimony regarding conveyor belt shaft where party inadvertently lost the shaft, precluding the opposition's expert from
15  examining it].)

16  DATED: 3/10/04
17                                    Hon. Thomas Reardon
18                                    Judge of the Superior Court
19
20
21
22
23
24
25
26                                    AppendiX D

2

Appendix E Protocol
P II

## REPORT WRITING

An evaluation is properly completed when it clearly describes how each of the criteria are met, or are not met. The evaluation report must comport with the SVP statute, be internally consistent, and be written in a length and style that will allow parties at later legal proceedings to understand the evaluator's reasoning and conclusions. With the exception of diagnostic terms, evaluators should avoid unnecessary technical language from psychology, psychiatry and the law. The format for the report is provided in this handbook.

## SUBMITTING THE REPORT

After the evaluator has formed his/her conclusion, a clinical evaluation summary (see Appendix C) must be completed and faxed as soon as possible to DMH. Depending on release date time frames, DMH may take action based on the clinical evaluation summary. Therefore, the summary should represent the <u>final conclusion</u> of the evaluator. The final report, with original signature, must be delivered to DMH by the due date assigned by the scheduling staff. It is critical that timelines be met. The SOCP program will call the evaluator if a report has not been submitted on time.

## UPDATING THE REPORT

Summary of requirements for updating reports:

- The District Attorney who filed the SVP petition must request updates of reports through the DMH SOCP Unit.
- Evaluators must re-interview an SVP respondent if the respondent will voluntarily interview, or there is a court order for an interview.
- The interview of an update report will be audiotaped only if ordered by the court.
- Evaluators may use medical and non-medical information to update reports, and to apply risk assessment tools to assess the SVP respondent.
- Updated reports are to be forwarded to the DMH SOCP Unit.
- The statute requires DMH to provide a copy of the report to the inmate's attorney.

If the evaluator, through whatever means, obtains significant new information regarding a previously completed SVP report, a contact should be made with the DMH SOCP Unit in Sacramento, usually the record reviewer. The record reviewer will determine if the other evaluators on the same case should be provided the information. Evaluators should not complete a formal update of their report unless requested to do so by the District Attorney.

APPENDIX E

401

Appendix F Pet For Recommit-
ment 2-23-06 P1-2

206.00302

THOMAS J. ORLOFF
District Attorney
County of Alameda
900 Courthouse
1225 Fallon Street
Oakland, CA 94612
(510) 272-6222

Colleen McMahon
Deputy District Attorney
State Bar No. 190995

**ENDORSED**
**FILED**
ALAMEDA COUNTY

FEB 2 3 2006

CLERK OF THE SUPERIOR COURT
By Yolanda Phuong, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA,    )
                                          )
                    Petitioner,           )    No. 131518
                                          )
                                          )    Department 7
                                          )
SAMMIE PAGE,                              )
                    Defendant.            )
_____)

### PETITION FOR RECOMMITMENT UNDER
### WELFARE AND INSTITUTIONS CODE SECTION 6604

The People of the State of California, petitioner herein, represented herein by the

District Attorney of Alameda County alleges as follows:

1.    Respondent SAMMIE PAGE is now in the custody of the Coalinga State Hospital and

      his term will expire May 17, 2006.

2.    Pursuant to Welfare and Institutions Code sections 6604 *et seq.*, respondent

      continues to suffer from a diagnosed mental disorder that makes it likely that he will

      re-offend with sexually violent and predatory behavior in the future.

3.    The Department of Mental Health conducted a recent evaluation and concluded that

      respondent is still a sexually violent predator within the meaning of sections

      6604 *et seq.*

Appendix F

The Department of Mental Health evaluations for Recommitment were reduced to writing and a true and accurate copy of those evaluations and its supporting documents are attached hereto as Exhibit A.

4.  The contents of Petitioner's Exhibit A establishes that respondent continues to be a sexually violent predator within the meaning of sections 6604 *et seq*. and further that the contents of Petitioner's Exhibit A establishes probable cause under section 6602 and that therefore this Court should order a probable cause hearing pursuant to section 6602 and *In re Parker* (1998) 60 Cal.App.4th 1453 to determine whether respondent should continue to be held in custody until a trial can be held to determine whether respondent is subject to **Recommitment** under sections 6604 *et seq*. for a period of two years.

5.  Petitioner requests that this Court order that a probable cause hearing be held to determine whether respondent should be held in custody until a trial can be completed on the issue of whether respondent should be committed to the Department of Mental Health for a period of two years.

DATED: February 16, 2006

THOMAS J. ORLOFF
District Attorney

By: _____
Colleen McMahon
Deputy District Attorney

APPendix F

C2C

Appendix G notification Pursuant
To SB 1128 And Prop. 83 12-5-06
P 1-2, Amended Petition 12-5-06
P 1-2

1   **THOMAS J. ORLOFF**
    District Attorney
2   Alameda County
3   Jason T. Sjoberg
    Deputy District Attorney
4   State Bar #209590
    1225 Fallon Street, 9th Floor
5   Oakland, CA 94612
6   Telephone: (510) 272-6222

ENDORSED
FILED
ALAMEDA COUNTY

DEC - 5 2006

CLERK OF THE SUPERIOR COURT
By Yolanda Phuong, Deputy

7   Attorneys for Petitioner

8

9            **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
             **IN AND FOR THE COUNTY OF ALAMEDA**
10                   **RENE C. DAVIDSON COURTHOUSE**

11  THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                            )   Case No.: 131518
12                             Petitioner,   )
                                            )
13                  vs.                      )   NOTIFICATION OF
                                            )   INDETERMINATE COMMITMENT
14                                           )   PERIOD BY OPERATION OF LAW
                                            )   PURSUANT TO SB 1128 AND
15  Sammy PAGE                               )   PROPOSITION 83 AS ENACTED
                                            )
16                                           )
                               Respondent.   )   DATE:  December 15, 2006
17                                           )
                                            )   DEPT:  7
18                                           )   TIME:  10:00
                                            )
19                                           )
                                            )
20

21  _____

22  TO: RESPONDENT SAMMY PAGE, and his attorney Byron Brown, Deputy Public Defender,

23  ARE HEREBY NOTIFIED that by operation of law effective September 20, 2006, and again on

24  November 8, 2006, the commitment for a person adjudged to be a Sexually Violent Predator is

25  for an indeterminate period.   The Petition in the above-captioned case states that the People of

26  the State of California, Petitioner, is petitioning the court to commit Sammy Page, Respondent,

27  as a sexually violent predator pursuant to Welfare and Institutions Code Sections 6600 et. seq.

28
                              APPendiXG

                                    1

1    Pursuant to SB 1128 and Proposition 83 as enacted, Welf. & Inst. Code section 6604

2  specifies that a person adjudged a Sexually Violent Predator shall be committed for an

3  indeterminate term.

4

5  Respctfully submitted,

6

7                                    THOMAS J. ORLOFF
                                     DISTRICT ATTORNEY

8

9                                    By: _Jason T. Ajoly_

10                                   Jason T. Sjoberg
                                     Deputy District Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notification of Indeterminate Commitment Period by Operation of Law

THOMAS J. ORLOFF
District Attorney
Alameda County
Jason T. Sjoberg
Deputy District Attorney
State Bar # 209590
1225 Fallon Street, 9th Floor
Oakland, CA 94612
Telephone: (510) 272-6222

Attorneys for Petitioner

ENDORSED
FILED
ALAMEDA COUNTY

DEC - 5 2006

CLERK OF THE SUPERIOR COURT
By Yolanda Phuong, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF ALAMEDA
### RENE C. DAVIDSON COURTHOUSE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, ) | Case No.: 131518 |
| Petitioner, ) | |
| ) | AMENDED PETITION TO EXTEND |
| vs. ) | SEXUALLY VIOLENT PREDATOR |
| ) | COMMITMENT PURSUANT TO |
| ) | WELFARE AND INSTITUTIONS |
| ) | CODE SECTION 6604 |
| Sammy PAGE ) | |
| ) | |
| ) | |
| Respondent. ) | |
| ) | DATE:  December 15, 2006 |
| ) | DEPT:  7 |
| ) | TIME:  10:00 |
| ) | |

_Appendix G_

NOTICE IS HEREBY GIVEN that the District Attorney's Office of Alameda County hereby

petitions this court for an order extending Respondent's involuntary commitment to the

DEPARTMENT OF MENTAL HEALTH, imposed pursuant to Welfare and Institutions Code

section 6604, for the term prescribed by law. This Petition is based upon Welfare and Institutions

Code Section 6600 et seq. the previously attached Sexually Violent Predator Re-commitment

evaluations and other materials from Atascadero and Coalinga State Hospital as well as court

records which show:

On May 17, 2004 the Respondent was found to be a "Sexually Violent Predator"

(hereinafter "SVP") under Welfare and Institutions Code § 6600 after court trial. An Order

· 1 | Adjudging the Respondent a Sexually Violent Predator was entered, and the Respondent

2 | was sent to Atascadero State Hospital for treatment. This commitment ran through May 17,

3 | 2006.

4 | A subsequent petition was filed file to re-commit Respondent as an SVP from May

5 | 17, 2006 to May 17, 2008. Probable cause was found on that petition May 26, 2006.

6 | That Respondent continues to meet the criteria for commitment as a sexually violent

7 | predator in that he has suffered the necessary predicate prior convictions, and that he

8 | continues to have a current diagnosable mental disorder and that by reason of such disorder

9 | he is likely to engage in sexually violent criminal conduct in the future.

10 | WHEREFORE, the People pray for an order pursuant to Welfare and Institutions Code

11 | section 6604, **extending Respondent's involuntary commitment date pursuant to Welfare and**

12 | **Institutions Code section 6604, from its present date of May 17, 2008, until the term**

13 | **prescribed by law.**

14 |

15 | DATED: December 5, 2006

16 | THOMAS J. ORLOFF
   | DISTRICT ATTORNEY

17 |

18 | By: _____
   | Jason Sjoberg
   | Deputy District Attorney

19 |

20 |

21 |

22 |

23 |

24 | AppendiX G

25 |

26 |

APPendix H Order oF Commit-
ment May 17, 04

FILED
ALAMEDA COUNTY

MAY 1 7 2004

CLERK OF THE SUPERIOR COURT
By *CX* *CLf* *A. L 120 fcf*
Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE OF CALIFORNIA, )
)
)
v.                                       )        No. Docket 131518
)
)        Dept. No. 3
SAMMIE PAGE,                             )
)        Respondent.  )

## ORDER FOR COMMITMENT UNDER W&I 6600 ET. SEQ.

RESPONDENT HAVING BEEN FOUND BY THE HONORABLE COURT THAT HE IS A SEXUALLY VIOLENT PREDATOR within the meaning of Welfare and Institutions Code Section 6600 and 6604 et seq., it is hereby ordered that SAMMIE PAGE be committed for two years to the custody of the California Department of Mental Health for appropriate treatment and confinement in Atascadero State Hospital in accordance with Welfare and Institutions Code Section 6600.05.

Respondent is ordered committed from May 17, 2004 until May 17, 2006.

IT IS FURTHER ORDERED that the Alameda County Sheriff transport Respondent to Atascadero State Hospital as soon as practicable.

DATED: *P/x44 (7, 2 C0/*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA
The foregoing instrument is a true and
correct copy of the original
on file in this office

HON. ALLAN H. MUR
JUDGE OF THE SUPERIOR COURT

*Appendix H*

ATTEST:
MAY 1 7 2004

CLERK OF THE SUPERIOR COURT
By

Clerk of the
District
Attorney
Alameda County
- California

OF AL

Appendix I Reporter's Transcript
2-27-04 P1-3,5 and certify by
Reporter Harris

1

2

3

4          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

5              IN AND FOR THE COUNTY OF ALAMEDA

6          BEFORE THE HONORABLE THOMAS M. REARDON, JUDGE

7                      DEPARTMENT NO. 11

8

9    THE PEOPLE OF THE STATE OF          NO.   131518
     CALIFORNIA,
10
                PLAINTIFF,
11
                VS.
12
     SAMMIE PAGE,
13
                DEFENDANT.
14    _____/

15
               REPORTER'S TRANSCRIPT OF PROCEEDINGS
16

17                      RENE C. DAVIDSON
                     ALAMEDA COUNTY COURTHOUSE
18                      OAKLAND, CALIFORNIA

19                      FEBRUARY 27, 2004

20

21   APPEARANCES:

22   FOR THE PEOPLE:            THOMAS J. ORLOFF
                                DISTRICT ATTORNEY
23                              BY:   JILL NERONE
                                DEPUTY DISTRICT ATTORNEY
24

25   FOR DEFENDANT:            IN PRO PER

26

27
                          Appendix I
28

```
 1              FRIDAY, FEBRUARY 27, 2004 -- A.M. SESSION
 2                           PROCEEDINGS
 3                            ---oOo---
 4          THE COURT:  We'll go on the record on 131518,
 5   Sammie Page, here in custody representing himself.  Ms. Nerone
 6   is here for the People.
 7          This is a WI-1600 proceeding, and Mr. Page has filed a
 8   number of motions.
 9          Ms. Nerone, you also had a request of the Court, is that
10   correct?
11              MS. NERONE:  Yes, Your Honor.
12          Because this matter is set for trial, what we would be
13   doing in all cases, and this is no exception, is requesting
14   that two evaluators from the Department of Mental Health
15   interview Mr. Page and prepare an updated evaluation because,
16   of course, we have to prove that his mental condition is
17   current, among other reasons, so we are going to be making
18   that request.
19          I notice that the last time Mr. Page was requested to be
20   interviewed and evaluation done for a new probable cause
21   hearing he declined to interview.
22          Oftentimes individuals in Mr. Page's situation decline to
23   interview because they want the interview tape-recorded.
24   Mr. Page, in his interviews in March of 2003 with the two
25   evaluators, didn't state a reason.  But I would ask the Court
26   to inquire of him if he just merely wants to have those
27   interviews tape-recorded.  If that's the case, I have an order
28   for the Court to sign directing that the hospital allow the
```

                            *Appendix I*

LINDA M. HARRIS, CSR #4047

1  evaluators to tape record it.  They cannot do so otherwise.
2  They need a court order.

3       If Mr. Page is refusing to interview for a different
4  reason other than the lack of tape recording, the People have
5  a motion to compel him to interview, and I would want to
6  litigate that.

7            THE COURT:  Okay.

8       Did you follow that, Mr. Page?

9            THE DEFENDANT:  I heard it.

10      And at this particular time, it was my position that I
11  was going to decline to evaluate until I had standby counsel
12  appointed so that I could converse with him, make a
13  determination as to what my options were, and to make those
14  choices better informed with that type of assistance in my
15  particular situation, rather than me take a specific position
16  one way or the other.  That's the reason why I have the motion
17  for the standby appointment, in order to address whether I
18  choose to decline to be interviewed.

19      And if I'm representing myself, and I'm compelled to give
20  evidence against myself with a forced evaluation, I think that
21  would infringe on my Fifth Amendment rights.

22            THE COURT:  You have to remember it's a civil
23  proceeding not a criminal proceeding.

24            THE DEFENDANT:  Absolutely.

25            THE COURT:  So the Fifth Amendment right wouldn't
26  apply.

27            THE DEFENDANT:  Any information I would converse to
28  them under compelled examination could be used against me.

                        AppendixI

1      THE COURT:  It might be.  But again, this is a civil

2   proceeding.  So the Fifth Amendment privilege doesn't apply.

3      THE DEFENDANT:  Well, that's my position.  Until I

4   can get some further assistance on which particular options I

5   want to go on, even if I do compel, if I do the other way and

6   the Court compels me to speak with them, that still doesn't --

7   whether I speak to them or not, it's still not going to be an

8   issue.  Because if I don't talk to them, then what's the --

9   I'm in contempt in court for not speaking against myself.

10      THE COURT:  Well, I think there are a variety of

11   remedies, so to speak, to use that word.  If I were to issue

12   an order that you do submit to an interview with the

13   evaluators, there are a variety of remedies that the trial

14   court could take if you refuse to do so, including instructing

15   the jury in some fashion about that, that you refused to

16   communicate.

17      There might be certain other evidentiary sanctions that

18   would be made against you because of that.

19      Contempt of court is also another option.  But that would

20   probably fall to the trial court to resolve, probably,

21   depending on the timing.

22      But that's -- you ask a good question.

23      Let me back up and tell you I'm not going to grant your

24   Motion For Standby Counsel which you have made here in writing

25   and I have before me.

26      THE DEFENDANT:  So you're denying the standby

27   counsel?

28      THE COURT:  Correct.

*Appendix I*

LINDA M. HARRIS, CSR #4047

1        THE DEFENDANT:  Absolutely.

2        THE COURT:  All right.  Now, I'm going to deny that

3   because you challenged successfully under 170.6 Judge

4   Cartright, and you only get one.

5        THE DEFENDANT:  That's the pretrial Judge.

6        THE COURT:  Doesn't matter.  You only get one.

7        THE DEFENDANT:  You'll be denying that, too?

8        THE COURT:  I'll be denying that, too.

9    So now we'll go forward with the question whether you'll

10   submit to the interview.

11        THE DEFENDANT:  No.

12        THE COURT:  Even if tape-recorded, correct, am I

13   correct?

14        THE DEFENDANT:  No, I'm not going to, no.

15        THE COURT:  Okay.  All right.

16    Then that leaves you to your remedies, Ms. Nerone, okay?

17        MS. NERONE:  I have my motion to compel him to

18   interview ready to file.  I'll give Mr. Page an endorsed filed

19   copy today, if the Clerk can do that, and I will ask that it

20   go over for a short period of time to let the Court, of

21   course, look at my motion, and let Mr. Page look at my motion.

22        THE COURT:  Okay.  You can file that now while I'm

23   looking through the rest of Mr. Page's motions this morning.

24    There is another motion here to appoint an investigator.

25   That is a motion I am favorably considering.

26    I need you to do a little more for me in this regard

27   though, Mr. Page.  Because the Court would be authorizing

28   public funds to pay for such an investigator, I need to have

                                    *Appendix I*

```
 1  STATE OF CALIFORNIA  )
                          )  ss.
 2  COUNTY OF ALAMEDA    )

 3

 4          I, LINDA M. HARRIS, C.S.R., DO HEREBY CERTIFY THAT I

 5  AM AN OFFICIAL COURT REPORTER OF THE SUPERIOR COURT OF THE

 6  STATE OF CALIFORNIA, AND THAT AS SUCH I REPORTED THE

 7  PROCEEDINGS HAD IN THE ABOVE-ENTITLED MATTER AT THE TIME AND

 8  PLACE SET FORTH HEREIN;

 9      THAT MY STENOGRAPH NOTES WERE THEREAFTER TRANSCRIBED

10  UNDER MY DIRECTION; AND THAT THE FOREGOING PAGES CONSTITUTE A

11  FULL, TRUE AND CORRECT TRANSCRIPTION OF MY SAID NOTES.

12  DATED:  MARCH 17, 2004

13

14

15                              _____
                                LINDA M. HARRIS, C.S.R.
16                              OFFICIAL COURT REPORTER

17

18

19

20

21

22

23

24

25

26

27

28
```

APPendiX I

Appendix 5 Wellness And Recovery
Plan 11-30-05 P1-2, 14; 4-17-08 P1, 10

## CA Department of Mental Health
## Wellness and Recovery Model Support System

### MY WELLNESS AND RECOVERY PLAN

| INDIVIDUAL'S NAME: | Page, Samie Lee | | CASE NUMBER: | 000086-9 |
|---|---|---|---|---|
| DATE: 11/30/2005 | ☒ 7-DAY MASTER ☐ BI WEEKLY | ☐ MONTHLY ☐ QUARTERLY ☐ ANNUAL | ☐ TRANSFER ☐ MINI TEAM | |

| DIAGNOSIS: | *(Begin with principal diagnosis if the individual has multiple Axis I or Axis II diagnoses).* |
|---|---|
| Axis I | 302.9 Paraphilia, Not Otherwise Specified (NOS), sex with non-conscenting persons, with sadistic features 304.80 Polysubstance Dependence, Currently in Remission |
| Axis II | Deferred |
| Axis III | Related Medical Conditions include Post Treatment for Syphillis, unspecified history of Seisure disorder, Post Gastrointestinal Surgery, History of headaches |
| Axis IV | Problems related to interactions with the legal system as well as incarceration |
| Axis V | Current GAF:  65                                     Last Quarterly GAF: |

| Legal Status: | WIC 6604 Sexually Violent Predator |
|---|---|

| CASE FORMULATION: | *(Succinct analysis and integration of interdisciplinary assessments in the "6 P Format", including risk evaluation, which provides an understanding of the individual's situation, treatment and recovery needs).* |
|---|---|

Pertinent History

Personal History: Mr. Page is a 54-year old African American male. He reports that he was born in Magnolia, Arkansas, and that he and his family migrated to California when he was a young boy. Mr. Page reports that his father left home when he was an infant, and that he still lives in Arkansas. According to available records (Jesus Padilla, PhD., 4/26/05) Mr. Page's mother worked on and off, and received support from welfare. The records indicate that Mr. Page's mother lived in a common law relationship for many years, and that she was very protective towards her children. Mr. Page reports that he graduated from high school and went on to college where he studied to become a paralegal assistant. He denies having any learning problems, and states that he did not experience any discipline problems at school. However, according to available records (Jesus Padilla, PhD., 4/26/05) Mr. Page previously acknowledged that he had difficulty relating with authority figures at school. Mr. Page reports that he has been married since 1967, and that he and his wife have two children aged 15 and 24. Available records (Jesus Padilla, PhD., 4/26/05) however state that Mr. Page has never been legally married, and that he has one son whose birth resulted from a casual relationship. Mr. Page currently maintains that he is in fact married to his wife and has a certificate that was used for his trial proceedings in 2004.

Psychiatric History: Mr. Page denies having any history of mental illness and denies undergoing any treatment for any psychiatric symptoms. He however admits to an extensive

Page 1 of 14

| MY WELLNESS AND RECOVERY PLAN | INDIVIDUAL'S IDENTIFYING INFORMATION |
|---|---|
| Confidential Patient Information See W&I Code Section 5328 Filing Guidelines Assessment Coalinga State Hospital | Name: Page, Sammie Case Number: CO 000086-9 Program: SVP          Unit: 2 |

revision 8/5/05 - MH Form # Pending

Appendix 3

## CA Department of Mental Health
## Wellness and Recovery Model Support System

# MY WELLNESS AND RECOVERY PLAN

alcohol abuse history, stating that he drank alcohol on a daily basis before he was incarcerated. Mr. Page also acknowledged that he experimented with marijuana for a short time when he was in high school, but denied using any other substances besides alcohol on a regular basis. A previous report by Dr. Padilla (4/26/05) however indicates that Mr. Page admitted to using marijuana, cocaine, and barbiturates for brief periods of time. Mr. Page currently reports that he has never used barbiturates. During the intake interview, Mr. Page denied any current or past suicidal ideation or behavior, and stated that he has never considered taking his own life.

Legal History: Available records (Jesus Padilla, PhD., 4/26/05) indicate that Mr. Page's legal problems started at 12 when he was involved in petty theft and joy riding. At 14, the records state that Mr. Page was committed to the Youth Authority for purse snatching, and released after a short while. A couple of months after his release, Mr. Page was again incarcerated for theft. Other juvenile offenses that appear in Mr. Page's records include possession of a check with intent to defraud, petty theft involving a credit card, and burglary. As for his adult offenses, records indicate that Mr. Page was convicted of one count of rape by force in 1971 and sentenced to prison for an indeterminate sentence. Mr. Page currently reports that the rape conviction in 1971 is completely false and that he was never received an indeterminate sentence for rape. He states that the judgment and sentence were stayed. In February 1977, Mr. Page was released on parole. In June 1977, Mr. Page was charged with several counts of assault on a peace officer, driving with a suspended license, reckless driving, hit and run, obstructing and resisting a public officer, burglary, theft, oral copulation, violation of parole, and sentenced to two terms of one year to life and fifteen years to life, to run consecutively. Mr. Page currently reports that the 1977 conviction is false and that the sentence and judgment for rape sodomy and oral copulation was stayed and sentence was imposed for burglary and robbery. Mr. Page was paroled from prison in 1982. In 1985, Mr. Page was again charged and convicted of sodomy, forcible rape, robbery, and burglary in the first degree, and sentenced to 23 years, and four months in prison. This last offense is Mr. Page's instant offense that has led to the current incarceration. Mr. Page was transferred from CDC to ASH in 1998, and admitted to CSH on 11/18/05.

Precipitating Factor

It is not clear from the records what specifically precipitated Mr. Page's juvenile sexual offenses, or his adult offenses. During the intake interview, Mr. Page stated that most of his sexual crimes happened when he was under the influence of alcohol. It is likely that alcohol abuse impaired Mr. Page's capacity for judgment and self control, thereby leading to his sexual crimes.

Predisposing Factors

| MY WELLNESS AND RECOVERY PLAN | INDIVIDUAL'S IDENTIFYING INFORMATION |
|---|---|
| Confidential Patient Information<br>See W&I Code Section 5328<br>Filing Guidelines Assessment<br><br>Coalinga State Hospital<br><br>revision 8/5/05 - MH Form # Pending | **Name:** Page, Sammie<br>**Case Number:** CO 000086-9<br>**Program:** SVP    **Unit:** 2<br><br>*Appendix 5* |

**Attachments**

☐ **Objective / Intervention Pages Attached.**
   **Number of attachments:** , total number of pages: .

## WELLNESS AND RECOVERY PLAN SIGNATURE PAGE

| NAME | P-Code | DISCIPLINE | SIGNATURES | DATE |
|------|--------|-----------|------------|------|
| Sammie Page | FP | Individual | Present but declined to sign | 11-30-05 |
| | | Psychiatry | | |
| David Mwangi | | Psychology | | 11-30-05 |
| | | Social Work | | |
| Amy Pfenning | | Rehab | | 11/30/05 |
| Rogelio Ituralde | | R.N. | | 11/30/05 |
| Laura Barragan | | P.T. | | 11-30-05 |
| | | LVN | | |
| | | Dietary | | |
| Esther Lopez | | O.T. | | 11-30-05 |
| Alicia Aguilera | | O.T. | | 11-30-05 |
| William Sweeney | | Beh Sp II | | 11-30-05 |
| | | | | |
| | | | | |
| | | | | |

**Individual (Patient) Attendance: Please enter the Name and Participation Code (P-Code).**

**Participation Codes:**
   **FP – Full Participation**
   **MP – Moderate Participation**
   **NP – No Participation**

Page 14 of 14

| MY WELLNESS AND RECOVERY PLAN | INDIVIDUAL'S IDENTIFYING INFORMATION |
|---|---|
| Confidential Patient Information<br>See W&I Code Section 5328<br>Filing Guidelines Assessment<br><br>Coalinga State Hospital<br><br>revision 8/5/05 - MH Form # Pending | **Name:** Page, Sammie<br>**Case Number:** CO 000086-9<br>**Program:** SVP     **Unit:** 2<br><br>Appendix 3 |

## CALIFORNIA DEPARTMENT OF MENTAL HEALTH
## DMH WELLNESS AND RECOVERY PLAN

| INDIVIDUAL'S NAME: | PAGE, SAMMIE LEE | | CASE NUMBER: | 000086-9 |
|---|---|---|---|---|
| CONFERENCE DATE: | 4/17/2008 | FINALIZED DATE: 4/17/2008 | FREQUENCY TYPE: | Quarterly |

| DIAGNOSIS: | | | *(Begin with principal diagnosis if the individual has multiple Axis I or Axis II diagnoses).* | |
|---|---|---|---|---|
| Axis: I | 302.9 | P | PARAPHILIA | Diagnosis Date: 5/6/2007 |
| Axis: I | 304.80 | S | POLYSUBSTANCE DEPENDENCE | Diagnosis Date: 5/6/2007 |
| Axis: II | 799.9 | | DIAGNOSIS DEFERRED | Diagnosis Date: 5/6/2007 |
| Axis: III | V12.00 | | PERSONAL HISTORY OF UNSPECIFIED INFECTIOUS AND PARASITIC DISEASE | |
| Axis: III | V12.50 | | PERSONAL HISTORY OF UNSPECIFIED CIRCULATORY DISEASE | |
| Axis: III | V15.2 | | PERSONAL HISTORY OF SURGERY TO OTHER MAJOR ORGANS, PRESENTING HAZARDS TO HEALTH | |
| Axis: III | V12.49 | | PERSONAL HISTORY OF OTHER DISORDER OF NERVOUS SYSTEM AND SENSE ORGANS | |
| Axis: IV | | | Problems in interaction with legal services (arrest, victimization) | |
| Axis: V | | | GAF: 65 | Last Quarterly GAF: 0 |

| LEGAL STATUS: | *(Begin with primary legal status if the Individual has multiple legal statuses).* | | |
|---|---|---|---|
| Code | Description | Effective Date | End Date |
| SVP | SEXUALLY VIOLENT PREDATOR | 1/22/1998 | 5/17/2006 |

**CASE FORMULATION:** *(Succinct analysis and integration of interdisciplinary assessments, including strengths and risk evaluation, which provides an understanding of the individual's situation, treatment and recovery needs).*

### Pertinent History

#### Personal History

: Mr. Page is a 54-year old African American male. He reports that he was born in Magnolia, Arkansas, and that he and his family migrated to California when he was a young boy. Mr. Page reports that his father left home when he was an infant, and that he still lives in Arkansas. According to available records (Jesus Padilla, PhD., 4/26/05) Mr. Page's mother worked on and off, and received support from welfare. The records indicate that Mr. Page's mother lived in a common law relationship for many years, and that she was very protective towards her children. Mr. Page reports that he graduated from high school and went on to college where he studied to become a paralegal assistant. He denies having any learning problems, and states that he did not experience any discipline problems at school. However, according to available records (Jesus Padilla, PhD., 4/26/05) Mr. Page previously acknowledged that he had difficulty relating with authority figures at school. Mr. Page reports that he has been married since 1967, and that he and his wife have two children aged 15 and 24. Available records (Jesus Padilla, PhD., 4/26/05) however state that Mr. Page has never been legally married, and that he has one son whose birth resulted from a casual relationship. Mr. Page currently maintains that he is in fact married to his wife and has a certificate that was used for his trial proceedings in 2004.



ⒸCOPY

Appendix 3

| DMH WELLNESS AND RECOVERY PLAN | ADDRESSOGRAPH |
|---|---|
| **Coalinga State Hospital** | WRP Status: FINAL |
| Page 1 of 10 | **NAME:** PAGE, SAMMIE LEE |
| Confidential Patient Information | **INDIVIDUAL ID:** 000086-9 |
| See W&I Code Section 5328 | **PROGRAM:** I    **UNIT:** 103 |
| Filing Guidelines - Current WRP | |
| See the current WRP Manual for additional information regarding this form. | |

**Signature Information:**

|  |  |  |  |
|---|---|---|---|
| **Individual:** SAMMIE LEE PAGE | **Participation Code:** NA | | |
| **Individual ID:** 2000086-9 | **Description :** Did Not Attend | | |
| **WRPID:** 26762 | **Absence Reason:** Mr. Page declines to attend team meeting. | | |
| **WRP Status:** Final | **Discharge Criteria Met:** No | | |
| **Finalized Date:** 4/17/2008 | **Offered a Copy:** Yes | | |
| **Conference Date:** 4/17/2008 | **Accepted a Copy:** Yes | | |

| Discipline | Attendee Name | Lead | Attended | Signature |
|---|---|---|---|---|
| Individual | SAMMIE LEE PAGE | | | |
| Psychologist | MWANGI, DAVID \| PSYCHOLOGIST | Yes | No | |
| Social Worker | JACOBS, DESIREE \| SOCIAL WORKER | No | Yes | |
| Social Worker | KIPNIS, THOMAS  BS  II | No | Yes | |
| RN / Psychiatric Nurse Practitioner | WILKINS, IRIS  RN | No | Yes | |
| Unit Supervisor | YOUNG, RHONA \| UNIT SUPERVISOR | No | Yes | |

ⒸCOPY

Appendix 3

| DMH WELLNESS AND RECOVERY PLAN | ADDRESSOGRAPH |
|---|---|
| **Coalinga State Hospital** | WRP Status: FINAL |
| Page 10 of 10 | |
| | **NAME:** PAGE, SAMMIE LEE |
| Confidential Patient Information | **INDIVIDUAL ID:** 000086-9 |
| See W&I Code Section 5328 | **PROGRAM:** \| **UNIT:** 103 |
| Filing Guidelines - Current WRP | |
| See the current WRP Manual for additional information regarding this form. | |

Appendix K Reporter's Transcript
Commitment To state Prison April 21,
87 No. 82230 P 5-9, 20-22, 25-26

1          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                IN AND FOR THE COUNTY OF ALAMEDA

3                  DEPARTMENT NUMBER THREE

4            BEFORE:  HONORABLE JOSEPH KARESH, JUDGE

5                         ---O---

6      THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                            )
7                               FILED  PLAINTIFF,)
                                ALAMEDA COUNTY  )
8            -VS-                                )
                                MAY 2 1 1937     )
9      SAMMIE LEE PAGE,                         ) NO. 77564
                                               ) PROBATION
10                      _____ County Clerk     ) RESTORED AND
                                               ) TERMINATED
11     _____DEFENDANT.   ) NO. 82230
                                               )

12

13              REPORTER'S TRANSCRIPT OF PROCEEDINGS

14

15            OAKLAND, ALAMEDA COUNTY, CALIFORNIA

16                   APRIL 21, 1987

17              COMMITMENT TO STATE PRISON

18

19                 A P P E A R A N C E S

20

21     FOR THE PEOPLE:          JOHN J. MEEHAN,
                                DISTRICT ATTORNEY
22                              BY:  M.J. TOCCI, DEPUTY

23     FOR THE DEFENDANT:       JAMES GILLER,
                                ATTORNEY AT LAW

24     ALSO PRESENT:            ED SMART
25                              DEPUTY PROBATION OFFICER

26

27     REPORTED BY:  NICOLETTE E. WALLNER
                     C.S.R. NO. 6900

28

                     Appendix K

1    WHATEVER THE COUNTS OF WHICH HE WAS CONVICTED THAT

2    WOULD PREVENT -- WHICH WOULD BRING US WITHIN THE

3    REALM OF 654, BUT THERE'S NO DOUBLE PUNISHMENT IN

4    ANY OF THESE CASES, THERE'S NO 654 PROVISIONS THAT

5    WOULD APPLY.

6              THE COURT:  MY COLLEAGUE NEXT DOOR, JUDGE

7    DELUCCHI, AND OF COURSE I'M NOT BOUND BY WHAT A

8    FELLOW COLLEAGUE DESCIDES BUT I'M VERY PERSUADED AS

9    TO WHAT HE DID, HE USED THE TEST OF SEPARATELY

10   BROUGHT AND TRIED.

11             MS. TOCCI:  YOUR HONOR, HE DIDN'T HAVE A

12   667.7 SITUATION IN HIS CASE AND THAT LANGUAGE OF THE

13   STATUTE SPECIFICALLY DOES NOT REQUIRE THAT

14   PROVISION, AND I JUST DIRECT THE COURT TO THE

15   STATUTE.

16             THE COURT:  I AM NOT GOING TO DEVIATE.  SO

17   FAR AS THIS COURT IS CONCERNED I'M GOING TO USE THE

18   TEST OF SEPARATELY BROUGHT AND TRIED, AND I BELIEVE

19   THAT SO FAR AS THIS COURT IS CONCERNED, THEN IF YOU

20   SAY I DON'T HAVE THE DISCRETION YOU HAVE YOUR

21   REMEDY.  I BELIEVE I DO.  I DON'T THINK THAT THIS

22   COURT -- NOW I'M NOT IN ANYWAY JUSTIFYING THE

23   CONDUCT OF THE DEFENDANT, BUT I BEAR IN MIND THAT

24   THIS WAS A SINGLE INCIDENT OF RAPE AND SODOMY, THERE

25   WAS NO INTERVENING TIME.

26             NOW WE'RE TALKING ABOUT 1170 AS DISTINGUISHED

27   FROM 667.  THE JURY FOUND, AND THOUGH YOU SAY IT HAS

28   NO BEARING ON IT, YOU SAY THAT THE FACT THAT THE

Appendix K

1    JURY FOUND THE NGI, I MEAN THE GBI NOT TRUE, THAT

2    THAT HAS NOTHING TO DO WITH IT, THAT THAT IS NOT TO

3    PERSUADE ME IN ANYWAY.  AND WHY, DO I ASK YOU, WHY

4    SHOULDN'T IT PERSUADE ME IN SOME WAY?

5         MS. TOCCI:  YOUR HONOR, HAD THE JURY FOUND

6    HIM GUILTY OF GBI HE WOULD HAVE BEEN -- THE COURT

7    WOULD NOT HAVE DISCRETION, AND HE WOULD HAVE HAD TO

8    DO A MANDATORY MINIMUM OF 20 YEARS AND GIVEN A LIFE

9    TOP, THAT'S WHERE THE GBI IS IMPORTANT.  IT DOESN'T

10   MEAN THAT THE COURT DOESN'T HAVE DISCRETION IN THIS

11   SITUATION, BUT IF THE COURT IS USING SEPARATELY

12   BROUGHT AND TRIED AS THE REASON WHY THE COURT WILL

13   NOT ENHANCE HIM UNDER 667.6(B), THE COURT IS IN

14   ERROR.  NOW IF THE COURT WISHES TO EXERCISE ITS

15   DISCRETION FOR SOME OTHER REASON, IF THE COURT WANTS

16   TO GIVE SAMMIE PAGE A BREAK FOR ANOTHER REASON --

17        THE COURT:  I'M NOT GIVING HIM A BREAK AND

18   I DON'T LIKE THE WORD BREAK.  I'M NOT GIVING HIM A

19   BREAK.

20        MS. TOCCI:  THEN WHY WOULD YOU NOT IMPOSE

21   THE 40 YEARS FOR ENHANCEMENTS?

22        THE COURT:  BECAUSE I DON'T THINK THIS MAN,

23   FOR WHAT HE DID THAT EVENING, DESERVES THAT 40

24   YEARS, THAT'S ALL.  I DON'T THINK SO.

25        MS. TOCCI:  IT'S NOT WHAT HE DID THAT

26   EVENING, IT'S THE TEN PRIOR CONVICTIONS THAT HE DID

27   BEFORE HE WALKED INTO LEONA LEIN'S HOUSE THAT

28   EVENING THAT CAUSES HIM --

Appendix K

1          THE COURT:  PLEASE, UNDERSTAND, I KNOW

2     ABOUT THE PRIORS.  I'VE HAD THE EXPERIENCE ABOUT THE

3     PRIORS.  I KNOW ALL ABOUT BELMONTES AND PRIORS.

4     BELMONES WAS FIRST CALLED TO MY ATTENTION IN 1983

5     WHEN WE TRIED THREE MEN.  I KNOW ALL ABOUT BELMONTES

6     AND I KNOW ABOUT THE PRIORS.  AND I JUST DON'T THINK

7     THAT THIS MAN DESERVES WHAT YOU SUGGEST FOR THIS

8     OFFENSE EVEN WITH HIS PRIORS, SOME 40 SOME ODD

9     YEARS, I DON'T BELIEVE IT, I DON'T.  NOW THE

10    SIMPLEST THING IN THE WORLD IS FOR ME TO SAY OKAY,

11    THAT'S WHAT YOU WANT, THAT'S WHAT I'M GOING TO DO,

12    AND I WILL NOT DO IT.  I DON'T THINK I SHOULD DO

13    IT.

14          MS. TOCCI:  YOUR HONOR, MR. PAGE, AS I

15    INDICATED IN MY PROBATION LETTER, HAS A PATTERN OF

16    BREAKING INTO WOMEN'S HOUSES WHO ARE ALONE.

17    SOMETIMES HE GETS IN THERE BY SOME KIND OF RUSE OR

18    DEVICE.  HE RAPES THEM; HE ROBS THEM AND HE LEAVES

19    THEM ALL TRAUMATIZED, AND HE HAS A PATTERN OF HAVING

20    CONDUCTED HIMSELF IN THAT WAY FOR THE LAST TEN

21    YEARS.

22          THE COURT:  BUT LET ME ASK YOU THIS

23    QUESTION.

24          MS. TOCCI:  WHAT IS IT THAT HE HAS TO DO TO

25    EARN THAT KIND OF SENTENCE?

26          THE COURT:  LET ME ASK YOU THIS QUESTION,

27    WHY THEN IF YOU'RE TALKING ABOUT THIS PATTERN OF

28    ENTERING A RESIDENCE WITH INTENT TO COMMIT SEX

Appendix K

1    OFFENSES, WHY DIDN'T THE DISTRICT ATTORNEY CHARGE

2    THAT BURGLARY?

3            MS. TOCCI:  YOUR HONOR, IT WOULD HAVE

4    ABSOLUTELY NO BEARING.

5            THE COURT:  EXCUSE ME.  THAT HE ENTERED

6    WITH THE INTENT TO COMMIT A RAPE.  YOU CHARGE HIM

7    WITH ENTRY WITH INTENT TO COMMIT A ROBBERY.

8            MS. TOCCI:  HOW, IF AT ALL, HOW WOULD THAT

9    AFFECT HIS SENTENCE IF HE WAS CHARGED?

10           THE COURT:  I'LL TELL YOU WHY, BECAUSE YOU

11   HAVE MADE A STATEMENT THAT THIS MAN AS HAS A PATTERN

12   OF ENTERING FOR THE PURPOSE OF COMMITTING RAPE.

13           MS. TOCCI:  I HAVEN'T MADE THAT STATEMENT.

14           THE COURT:  THE CHAGE WAS ENTERING FOR

15   PURPOSES OF ROBBERY.

16           MS. TOCCI:  READ THE CERTIFIED ABSTRACT,

17   THAT'S WHERE -- THAT'S WHAT PROVES WHAT HE'S BEEN

18   DOING FOR THE LAST TEN YEARS.

19           THE COURT:  I'M NOT TALKING ABOUT THAT, I'M

20   TALKING ABOUT, MISS TOCCI, THIS CASE HE WAS CHARGED

21   WITH ENTERING WITH INTENT TO COMMIT ROBBERY.

22           MS. TOCCI:  HE CAN'T EVEN BE SENTENCED ON A

23   459 FOR 654 REASONS, WHY DOES IT MATTER?

24           THE COURT:  WOULD YOU TELL ME WHY YOU

25   DIDN'T CHARGE HIM WITH ENTRY TO COMMIT RAPE IF YOU

26   SAY THAT HE HAS THIS PATTERN ALL OVER THE YEARS?

27           MS. TOCCI:  ARE YOU TELLING ME THAT HE

28   DOESN'T HAVE THIS PATTERN?

Appendix K

1          THE COURT:  I DID NOT SAY THAT.

2          MS. TOCCI:  ARE YOU TELLING ME THAT'S NOT

3     EXACTLY WHAT HE DID IN THIS SITUATION?

4          THE COURT:  I'M ASKING YOU WHY DIDN'T HE DO

5     IT?  WHY DIDN'T YOUR OFFICE CHARGE HIM WITH INTENT

6     TO COMMIT RAPE?

7          MS. TOCCI:  BECAUSE HE OBVIOUSLY HAD A DUAL

8     INTENT WHEN HE WENT INTO MISS LEONA LEIN'S

9     APARTMENT; ONE, TO COMMIT THEFT; TWO, TO COMMIT

10    RAPE, AND HE CARRIED OUT BOTH OF THEM, SO WHAT

11    DIFFERENCE DOES IT MAKE WHETHER HE HAD A DUAL INTENT

12    OR SINGLE INTENT, HE DID BOTH ONCE HE GOT INSIDE?

13         THE COURT:  I DON'T THINK THAT THIS CASE

14    DESERVES WHAT YOU SUGGEST, SOME 40 YEARS FOR THOSE

15    PRIORS PLUS SENTENCING HIM UNDER 667 RATHER THAN

16    SENTENCING HIM UNDER 1170(B).

17         NOW I HAVE BEEN IN THE DISCUSSION WITH YOU, I

18    DON'T LIKE TO CALL IT AN ARGUMENT, AND I HAVEN'T

19    HEARD FROM THE DEFENSE COUNSEL.  AS I SAY, THE

20    EASIEST THING IN THE WORLD FOR ME TO DO IS TO DO

21    WHAT YOU WANT ME TO DO, IT'S EASY.

22         LET ME HEAR FROM MR. GILLER.

23         MR. GILLER:  WELL, DESPITE ALL THE LOUD

24    YELLING AND RANTING AND RAVING BY THE PROSECUTOR

25    HERE, THE FACT REMAINS THAT THE PEARSON CASE IS

26    CLEAR, AND THE PEARSON CASE SAYS IF PRIORS ARE

27    STAYED THEY'RE NOT TO BE USED FOR ENHANCEMENTS.  AND

28    IN ADDITION, WHAT I PREVIOUSLY SAID IN ACTION 65057,

APPendiX K

1      GBI.

2            IS THERE ANYTHING ELSE FOLKS?

3            MR. GILLER:  NO.

4            THE COURT:  IN ORDER FOR THE COURT TO

5      SENTENCE THE PERSON PURSUANT TO THE 667 SECTION, I'M

6      TALKING OF THE CRIMES THEMSELVES, RATHER THAN UNDER

7      THE 1170.1 OF THE PENAL CODE, THE GENERAL RULE HAS

8      BEEN THAT THERE MUST BE SEPARATE VICTIMS OR AN

9      INTERVENING LAPSE OF TIME.

10           NOW IF THE LEGISLATURE WANTS TO SAY IT, LET

11     THEM SAY IT.  DON'T LET THE JUDGES HAVE DISCRETION

12     UNDER 1170.1 AS DISTINGUISHED FROM 667.  LET THEM

13     SAY THAT IN EVERY SEX CRIME IF THERE ARE SEPARATE

14     SEX ACTS REGARDLESS OF WHETHER THEY HAPPEN WITHOUT

15     AN INTERVENING PERIOD OF TIME AND IT WAS ON THE SAME

16     VICTIM, LET THEM SAY THERE SHALL BE SEPARATE FULL

17     SENTENCES, BUT THE LEGISLATURE HAS NOT SAID THAT.

18           NOW YOU STILL INSIST THAT THE FACT THAT NO

19     GBI WAS FOUND THAT THAT DOES NOT INFLUENCE THE COURT

20     OR SHOULD NOT INFLUENCE THE COURT, OF COURSE IT

21     INFLUENCES THE COURT.

22           SO IN THE EXERCISE OF MY DISCRETION, THOUGH I

23     BELIEVE THAT IT WOULD BE AN ABUSE OF MY DISCRETION

24     TO GIVE HIM FULL CONSECUTIVE TERMS, IN THE EXERCISE

25     OF MY DISCRETION I SENTENCE THE DEFENDANT UNDER

26     1170.1 FOR THE 286 OF THE PENAL CODE, THE SODOMY,

27     THE FORCIBLE SODOMY OF WHICH THE DEFENDANT WAS

28     CONVICTED, I GIVE HIM THE FULL TERM, THE AGGRAVATED

Appendix K

1        TERM THAT THE LAW ALLOWS, THAT IS EIGHT YEARS.

2                AND THE DEFENDANT USED A KNIFE, OR NOT USED A

3        KNIFE, HAD A KNIFE.  I HAD SOME DOUBT AS TO WHETHER

4        OR NOT THE 12022.3(B) WHICH ADDS TWO YEARS, WOULD

5        APPLY, BECAUSE HE TOOK THE KNIFE AWAY FROM THE

6        VICTIM.

7                NOW IT'S SUPPOSED TO BE USED AS A WEAPON OF

8        OFFENSE OR DEFENSE, BUT THE JURY FOUND UNDER MY

9        INSTRUCTION THAT 12022.3(B) SHOULD APPLY, SO THAT'S

10       TEN YEARS FOR THE SODOMY, THAT'S A CONSECUTIVE TWO

11       YEARS THAT THE COURT GIVES THE DEFENDANT.

12               NOW UNDER THE LAW SINCE WE APPLY 1170.1 FOR

13       THE RAPE, 261.2, THE COURT GIVES HIM, AS THE LAW

14       SAYS IT SHOULD IF I GIVE HIM FULL CONSECUTIVE --

15       GIVE HIM CONSECUTIVE TERMS, ONE-THIRD OF THE SIX

16       YEARS, ONE-THIRD OF THE MIDTERM, WHICH IS TWO YEARS,

17       I GIVE IT TO HIM CONSECUTIVELY, THAT'S 12 YEARS.

18               FOR THE 213.4 OF THE PENAL CODE, THAT IS THE

19       ROBBERY OF THE DWELLING, ONE-THIRD OF THE MIDTERM, I

20       GIVE THE DEFENDANT A CONSECUTIVE ONE YEAR AND FOUR

21       MONTHS WHICH IS A TOTAL OF 13 YEARS AND FOUR

22       MONTHS.

23               HOW DOES THE JUDGE JUSTIFY THE CONSECUTIVE

24       SENTENCES?  ONE, BECAUSE OF THE VUNERABILITY OF THE

25       VICTIM AND TWO, BECAUSE THERE ARE PRIORS THAT THE

26       COURT BELIEVES IT CANNOT SENTENCE THE DEFENDANT

27       FOR.

28               SO I GIVE HIM 13 YEARS AND FOUR MONTHS.  AND

APPendix K

1    THEN FOR THE THIRD PRIOR UNDER 211 OF THE PENAL

2    CODE, WHICH I FOUND TO BE TRUE, THE COURT GIVES THE

3    DEFENDANT A CONSECUTIVE FIVE YEARS IN PRISON.

4         AND FOR THE NINTH PRIOR UNDER 211 OF THE

5    PENAL CODE, THE COURT GIVES THE DEFENDANT ANOTHER

6    CONSECUTIVE FIVE YEARS.  SO THAT MEANS THE DEFENDANT

7    IS SENTENCED TO A TOTAL OF 23 YEARS AND FOUR

8    MONTHS.

9         I'M IN AGREEMENT WITH THE DEFENSE COUNSEL

10   THAT YOU CANNOT SENTENCE ON THESE OTHER COUNTS, ON

11   THESE OTHER CRIMES.  THEY ARE NOT MANDATED AND THE

12   COURT CANNOT GIVE THE FIVE YEARS FOR IT.

13        NOW WE COME TO THE LAST, THE 10TH PRIOR.  AND

14   I AM CONVINCED UNDER THE 10TH PRIOR THAT SINCE THE

15   JUDGMENT DOES NOT SAY RESIDENTIAL BURGLARY, THAT I

16   AM MANDATED NOT TO GIVE HIM A CONSECUTIVE FIVE YEAR

17   SENTENCE.  SO IN THAT I SAY, I SENTENCE HIM TO FIVE

18   YEARS; HOWEVER, EXECUTION OF SAID SENTENCE IS

19   STAYED, AND IF I AM IN ERROR, I'M IN ERROR.  THE

20   COURT OF APPEALS CAN SAY YOU'RE IN ERROR, AND THEY

21   CAN ADD ANOTHER FIVE YEARS.

22        SO I HAVE GIVEN THIS DEFENDANT FOR THIS

23   OFFENSE, THAT IS IN NO WAY DOES THE COURT JUSTIFY,

24   I'M GIVING HIM 23 YEARS AND FOUR MONTHS.  BEARING IN

25   MIND THAT IT'S LESS JUST BY A SHORT PERIOD OF

26   TIME -- WELL, I DON'T HAVE TO SAY THAT, COMPARING

27   WHAT YOU CAN GET IN A MURDER CASE.

28        NOW I'D LIKE TO KNOW HOW MUCH TIME HE HAS

*Appendix K*

1          THE COURT:  DO YOU UNDERSTAND THAT UNLESS

2     YOUR PRESENT LAWYER IS GOING TO FILE A NOTICE OF

3     APPEAL FOR YOU, IT IS YOUR DUTY TO FILE YOUR OWN

4     NOTICE OF APPEAL, IT MUST BE DONE WITHIN THE 60 DAYS

5     FROM TODAY?

6          DO YOU HAVE ANY QUESTIONS THAT YOU WANT TO

7     ASK ME ABOUT YOUR APPELLATE RIGHTS?

8          THE DEFENDANT:  NO.

9          THE COURT:  THE REPORTER IS ORDERED TO HAVE

10    A TRANSCRIPT OF THESE PROCEDURES PREPARED,

11    CERTIFIED, AND FILED WITH THE CLERK OF THIS COURT.

12    THE DEFENDANT'S REMANDED.

13         MS. TOCCI:  YOUR HONOR, THE COURT STILL HAS

14    BEFORE IT THE DEFENDANT'S PROBATION MATTER.

15         THE COURT:  THE ORDER REVOKING PROBATION IS

16    VACATED AND SET ASIDE, AND PROBATION IS TERMINATED

17    IN LIGHT OF THE FACT THAT I'VE GIVEN HIM 23 YEARS

18    AND FOUR MONTHS.  AND GOING TO THE REASON WHY THE

19    LEGISLATURE GIVES GOOD TIME CREDITS, THEY DON'T WANT

20    PRISONS TO TURN INTO A TINDER BOX, THEY WANT THEM TO

21    BEHAVE THEMSELVES AND THAT'S VERY IMPORTANT.

22         THE CLERK:  ON COUNT THREE IT IS ONE-THIRD

23    OF THE MIDTERM, 16 MONTHS, STAYED PURSUANT TO 654 OF

24    THE PENAL CODE?

25         (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)

26              ---0---

27

28

Appendix K

STATE OF CALIFORNIA    )
                       )    SS.
COUNTY OF ALAMEDA      )


     I, NICOLETTE E. WALLNER, CERTIFIED SHORTHAND
REPORTER, DO HEREBY CERTIFY THAT I AM A PRO TEM
REPORTER OF THE SUPERIOR COURT OF THE STATE OF
CALIFORNIA, AND THAT AS SUCH I´ REPORTED THE
PROCEEDINGS HAD IN THE ABOVE-ENTITLED MATTER AT THE
TIME AND PLACE SET FORTH HEREIN.

     THAT MY STENOGRAPH NOTES WERE THEREAFTER
TRANSCRIBED INTO TYPEWRITING UNDER MY DIRECTION; AND
THAT THE FOREGOING PAGES NUMBERED 1 THROUGH 25
CONSTITUTE A FULL, TRUE AND CORRECT TRANSCRIPTION OF
MY SAID NOTES.




               NICOLETTE E. WALLNER, C.S.R. #6900




DATED:  MAY 19, 1987




Appendix K

# SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ALAMEDA

## ABSTRACT OF JUDGMENT
### (Commitment to State Prison)

C00519

The People of the State of California, Present:

Present:

Hon. __WILLIAM J. HAYES__
Judge of the Superior Court

vs.

__Robert J. Greggins, Deputy__
District Attorney

__SAMMIE LEE PAGE__
Defendant

__Michael Millman, Ass't__
Counsel for Defendant

This certifies that on __August 18, 1971__ judgment of conviction of the above-named defendant was entered as follows:

(1) Case No. __50619__ Count No. __3-4-5-__

On his plea of __Not Guilty__

he was convicted by __Verdict of Jury__ of a crime of a felony, to wit: Robbery, a violation of Section 211 of the Penal Code of the State of California, as charged in the fifth count of the Information, fixed at the second degree. The Jury further found that at the time of the commission of the offense that the defendant, with intent to inflict great bodily injury, did not inflict great bodily injury; the crime of a felony, to wit: Burglary, a violation of Section 459 of the Penal Code of California, as charged in the third count of with prior felony convictions charged and proved or admitted as follows: NO PRIORS CHARGED.

the Information, fixed at the first degree. The Jury found that at the time of the commission of the offense that the defendant, with intent to inflict great bodily injury, DID inflict great bodily injury, and the crime of a felony, to wit: Rape, a violation of Section 261 of t the Penal Code of California, as charged in the fourth count of the Information. The jury further found that at the time of the commission of the offense that the defendant, with intent to inflict great bodily injury, DID inflict great bodily injury. The jury found the defendant Not Guilty of the first and second counts charged in the Information.

Defendant's motion for probation is denied.

charged with and proved or admitted being armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest within the meaning of Penal Code Section 3024.  X

X (2) Defendant __X__ adjudged an habitual criminal within the meaning of Subdivision __X__ of X Section 644 of the Penal Code, and the Defendant __X__ an habitual criminal in accordance with provisions of Sub-  X division (c) of that section.

(3) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in state prison of the State of California for the term provided by law and that he be remanded to the Sheriff of the County of Alameda, and by him delivered to the Director of Corrections of the State of California at __California Medical Facility at Vacaville, California__

It is ordered that sentences shall be served in respect to one another as follows:
The sentence imposed in the fifth count shall commence to run immediately and consecutively with the sentence imposed in the third count. The sentence imposed on the fourth count of the Information is stayed pending appeal and service of the sentence imposed on the third and in respect to any prior incompleted sentence(s) as follows: * * * * *

This term of imprisonment shall commence to run immediately and consecutively with other terms of imprisonment (if any) for which he has been sentenced.

(4) To the Sheriff of the County of Alameda and to the Director of Corrections at the __California Medical Facility at Vacaville, California.__

Pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above named defendant into the custody of the Director of Corrections at the __California Medical Facility at Vacaville, California__ at your earliest convenience.

Witness my hand and seal of said court. __September 15, 1971__

(SEAL)

JACK G. BLUE, Clerk

By __Beverly Graves__ Deputy

State of California, } ss.
County of Alameda,

I do hereby certify the foregoing to be a true and correct abstract of the judgment duly made and entered on the minutes of the Superior Court in the above entitled action as provided by Penal Code Section 1213.

Attest my hand and seal of the said Superior Court this

(SEAL)

__15th__ day of __September__, 19 __71__

JACK G. BLUE,
County Clerk and ex officio Clerk of the Superior Court of the State of California in and for the County of Alameda.

By __Beverly Graves__ Deputy.

Judge of the Superior Court of the State of California in and for the County of Alameda

APPendix L

# SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF ALAMEDA

"M O D I F I E D "ABSTRACT OF JUDGMENT

(Pursuant to Remittitur issued (Commitment to State Prison)
by Court of Appeal)

C00523

The People of the State of California, Present:

vs.

SAMMIE L. PAGE
(ABU 707 7742509)      Defendant

Present:
Hon............MARTIN N. PULICH............
Judge of the Superior Court
............John Taylor, Deputy............
District Attorney
............John Cruikshank, Esq.............
Counsel for Defendant

This certifies that on...December.22,.1977...judgment of conviction of the above-named defendant was entered as follows:
(1) Case No...65057...........Count No.s...1,2,3,4,      7,8

On his plea of...Not.Guilty.................................................................

he was convicted by...Verdict.of.Jury... of felonies, to wit, Rape, a violation of Section 261 of t
Penal Code of the State of California, as charged in the 1st count of the Information; ....
Robbery, a violation of Section 211 of the Penal Code, as charged in the 2nd count. The
Jury found and fixed the degree of Robbery at 2nd degree. The Jury further found the
defendant did inflict great bodily injury upon the victim as charged in the 2nd count;
a violation of Section 288a of the Penal Code, as charged in the 3rd count; a violation *
with prior felony convictions charged and proved or admitted as follows:

| Date | County and State | Crime | Disposition |
|---|---|---|---|
| | "DISMISSED" after return from District Court of Appeal. | | |

** of Section 245a of the Penal Code, as charged in the 4th count; a violation of
....Section 286 of the Penal Code, as charged in the 7th count; and a violation of Section
....459 of the Penal Code, as charged in the 8th count. The Jury found and fixed the
....degree of Burglary at 1st degree. The Jury further found the defendant did inflict
....great bodily injury upon the victim as charged in the 8th count. Defendant waived
....sentence. ** reference to Probation and requested immed:
Defendant has been held in custody for from June 18, 1977 as a result of the same criminal act or acts for which he has
been convicted. **The Court strikes the finding of Great Bodily Injury as to the 2nd count.
Defendant.........................armed with a deadly weapon at the time of his commission of the offense or a concealed
deadly weapon at the time of his arrest within the meaning of Penal Code Section 3024.      XX
(2) Defendant.........................adjudged an habitual criminal within the meaning of Subdivision....XX...........
of Section 644 of the Penal Code, and the Defendant.........................habitual criminal in accordance with provi-
sions of Subdivision (c) of that section. XX      XX      XX
(3) IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment
in state prison of the State of California for the term provided by law and that he be remanded to the Sheriff of the County of
Alameda, and by him delivered to the Director of Corrections of the State of California at..................................................
..................................California.Medical.Facility,.Vacaville,.California..........................................

It is ordered that sentences shall be served in respect to one another as follows:
The term of imprisonment imposed on the 2nd count shall run consecutively to the term o
imprisonment imposed on the 8th count; the terms imposed on the 1st, 3rd, 4th and 7th
counts are stayed pending appeal and completion of service of sentence on count 8 and
thereafter permanently STAYED
and in respect to any other completed sentence(s) as follows:

The term of imprisonment imposed in this action shall run consecutively to any
other  term of imprisonment (if any) for which he has been sentenced.

(4) To the Sheriff of the County of Alameda and to the Director of Corrections at the...........................................................
..................................California.Medical.Facility,.Vacaville,.California..........................................
Pursuant to the aforesaid judgment, this is to command you, the said Sheriff, to deliver the above named defendant into the cus-
tody of the Director of Corrections at the...California.Medical.Facility,.Vacaville,.California...................,
at your earliest convenience.
Witness my hand and seal of said court......December.23,.1977..........
MODIFIED:  May 28, 1980.

(SEAL)

RENÉ C. DAVIDSON, County Clerk
By....Beverly Krauss................., Deputy
(see reverse side for Certification)

Appendix M

State of California,  } SS.
County of Alameda,

    I do hereby certify the foregoing to be a true and correct abstract of the judgment duly made and entered on the minutes of the Superior Court in the above entitled action as provided by Penal Code Section 1213.

Attest my hand and seal of the said Superior Court this

**(SEAL)**

    ...28th... day of ......May...................., 19 80

**RENÉ C. DAVIDSON,**
County Clerk and ex officio Clerk of the Superior Court of the State of California in and for the County of Alameda.

**MARTIN N. PULICH**

By ......**Beverly Graves**.................., Deputy.

Judge of the Superior Court of the State of California in and for the County of Alameda

- **DISTRIBUTION:** Signed Original to Sheriff with PO report.
          Duplicate filed.



The foregoing instruments are correct copies of the original on file in this office

ATTEST: JUL 17 1997

**RONALD G. OVERHOLT**
Executive Officer/Clerk of the Superior Court.
State of California, County of Alameda.

BY ................................ DEPUTY

Appendix M.

G00524

FORM DSL 290

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF __ALAMEDA__ | | ENDORSED FILED |
|---|---|---|
| BRANCH ___OAKLAND__ | | |

COURT I.D. `0 1`

| PEOPLE OF THE STATE OF CALIFORNIA | versus | ☒ PRESENT | CASE NUMBER(S) |
|---|---|---|---|
| DEFENDANT: SAMMIE LEE PAGE | | ☐ NOT PRESENT | 82230 – A |
| AKA: ABD 707 5030087 | CORRECTED | | – B |
| COMMITMENT TO STATE PRISON | ☐ AMENDED | | – C |
| ABSTRACT OF JUDGMENT | ☒ ABSTRACT | | – D |
| | | | – E |

ENDORSED FILED
APR 27 1987
RENE C. DAVIDSON, County Clerk
By TONI JANIK, Deputy

| DATE OF HEARING `04 21 87` | DEPT. NO. `3` | JUDGE JOSEPH KARESH | CLERK Toni Janik |
|---|---|---|---|

| REPORTER Nici Wallner | COUNSEL FOR PEOPLE M.J. Tocci, DDA | COUNSEL FOR DEFENDANT James Giller, Esq. | PROBATION NO. OR PROBATION OFFICER Ed Smart |
|---|---|---|---|

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**

A. ☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO DAY YEAR | CONVICTION BY | | | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC 286 | | sodomy | 85 | 11 24 86 | x | | | U | | | | | | | 8 |
| 2 | PC 261.2 | | forcible rape | 85 | 11 24 86 | x | | M | | xx | | | | | | 2 |
| 4 | PC 211/213.5 | | robb inhab dwell | 85 | 11 24 86 | x | | M | | xx | | | | | | 1 4 |
| 5 | PC 459* | | Burglary 1st deg | 85 | 11 24 86 | x | | M | | xx | | | | | | 1 |

**2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):**

| COUNT | 12022(a) | | | 12022(b) | | | 12022.3(a) | | | 12022.3(b) | | | 12022.5 | | | 12022.6(a) | | | 12022.6(b) | | | 12022.7 | | | 12022.6 | | | 12022.3(b) | | | PC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | |
| 1 | | | | | | | | | | | | | | | | | | | | | | | | | | x | | x | | | 2 |

**3. INCOMPLETED SENTENCE(S) CONSECUTIVE:**

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

**5. A. NUMBER OF PRIOR PRISON TERMS:**

| | S | C/F | | I |
|---|---|---|---|---|
| 667.5(a) | | 2 ** | | 2 10 |
| 667.5(b) | | | | |
| 667.6(b) | | | | |

**4. OTHER ORDERS:** Defendant is sentenced pursuant to Section 1170.1 of the Penal Code. Court cannot sentence on the other priors.

**NUMBER OF PRIOR FELONY CONVICTIONS:**

| | S | C/F | | I |
|---|---|---|---|---|
| 667.6(a) | | | | |

**6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):** ** Refers to priors 3 and 9.

**7. TIME STAYED § 1170.1(a) [5-YEAR LIMIT] AND/OR § 1170.1(f) [DOUBLE BASE LIMIT]:**

**8. TOTAL TERM IMPOSED:** → 23. 4

**9. EXECUTION OF SENTENCE IMPOSED:**

☒ A. AT INITIAL SENTENCING HEARING ☐ B. AT RESENTENCING PURSUANT TO DECISION ON APPEAL ☐ C. AFTER REVOCATION OF PROBATION ☐ D. AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT [PC§1170(d)]

| DATE SENTENCE PRONOUNCED DAY YEAR `04 21 87` | CREDIT FOR TIME SPENT IN CUSTODY: TOTAL DAYS 1123 INCLUDING: | ACTUAL LOCAL TIME 749 | LOCAL CONDUCT CREDITS 374 | STATE INSTITUTIONS ☐ DMH ☐ CDC |
|---|---|---|---|---|

**DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:**

☒ FORTHWITH ☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
☐ CALIF. INSTITUTION FOR WOMEN — FRONTERA ☐ CALIF. MEDICAL FACILITY — VACAVILLE ☐ CALIF. INSTITUTION FOR MEN — CHINO
☒ OTHER (SPECIFY): Defendant advised of appeal rights.

**CLERK OF SUPERIOR COURT**

I hereby certify the foregoing to be a correct report of judgment made in this action.

DEPUTY'S SIGNATURE: Toni Janik    DATE 4-21-87 corrected 4-27-87

This form is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code §1170. A copy of the probation officer's report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code §1203c. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code §1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the Judicial Council of California
Effective July 1, 1981

**ABSTRACT OF JUDGMENT — COMMITMENT**

FORM DSL 290    Pen.C. 1213.5

APPENDIX N



United States District Court

.northern District of California

450 Golden Gate Ave

San Francisco CA 94102     .

Sammy L. PAGE, Co-86-9
P.o. Box 5003, Unit Three Rm.2
24511 west Jayne Ave
Coalinga CA 93210



RECEIVED

APR & 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA