1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY L PAGE, ) | |
| ) | |
| Plaintiff(s), ) | No C 08-2184 VRW (PR) |
| ) | |
| vs ) | ORDER OF DISMISSAL |
| ) | |
| ARNOLD SCHWARZENEGGER, et al, ) | (Docs # 2 & 4) |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

17  Sammy L Page, a sexually violent predator facing civil re-commitment to
18  a state mental health facility for an indefinite period pursuant to California's
19  Sexually Violent Predators Act, Cal Welf & Inst Code § 6600, et seq ("SVPA"),
20  has filed a pro se civil rights complaint under 42 USC § 1983 challenging the
21  constitutionality of various aspects of SVPA. Page also seeks to proceed in
22  forma pauperis under 28 USC § 1915.
23  Good cause shown, Page's request to proceed in forma pauperis (doc # 2)
24  is GRANTED. His civil rights action under § 1983 is DISMISSED without
25  prejudice to filing a petition for a writ of habeas corpus, however.
26  The Supreme Court has consistently held that any claim by a prisoner
27  attacking the fact or duration of his confinement must be brought under the
28  habeas sections of Title 28 of the United States Code. See Calderon v Ashmus,

523 US 740, 747 (1998); Edwards v Balisok, 520 US 641, 648 (1997); Preiser v Rodriguez, 411 US 475, 500 (1973). A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. See id.

The rationale of Preiser also applies where the claim would necessarily imply the invalidity of a civil commitment. See Rose v Mayberg, 454 F3d 958 (9th Cir 2006) (challenge to SVPA commitment proceedings properly brought in habeas petition); Carty v Nelson, 426 F3d 1064 (9th Cir 2005) (same); Hubbart v Knapp, 379 F3d 773 (9th Cir 2004) (same). It matters not that the proceedings are pending and there is not yet a conviction or commitment. See McNeely v Blanas, 336 F3d 822, 824 n1 (9th Cir 2003) (challenge to pretrial proceedings must be brought in habeas petition under 28 USC § 2241); Carden v Montana, 626 F2d 82, 83-84 & n1 (9th Cir 1980) (same).

Because Page's claims would necessarily imply the invalidity of his pending re-commitment proceedings under SVPA, they must be brought in a habeas petition under Title 28 of the United States Code. See Preiser, 411 US at 500; see also Ramirez v Galaza, 334 F3d 850, 858-59 (9th Cir 2003) (claim which if successful would "necessarily" or "likely" accelerate prisoner's release must be brought in habeas petition).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot (see, eg, doc # 4) and close the file.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\Page, S1.or1.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

Page,

          Plaintiff,

  v.

Schwarzenegger, et al,

          Respondent.

Case Number: C08- 2184   VRW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 30, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sammy L. Page
CO-86-9 CDC #D Unite Three Rm. 2
P.O. Box 5003
24511 West Jayne Ave
Coalinga, CA 93210

Dated: May 30, 2008

                                        Richard W. Wieking, Clerk
                                        By: Cora Klein, Deputy Clerk

*Cora Klein*