Sammy L. Page, C0-86-9
P.O. Box 5003, Unit Three Rm. 2
24511 West Jayne Ave
Coalinga CA 93210



United States District Court
Northern District of California

| | |
|---|---|
| Sammy L. Page, | No. C08-2184-VRW |
| Plaintiff, | Notice of Appeal from |
| v | Judgment 5-30-08 and |
| Schwarzenegger, et al., | Order 6-30-08 denying |
| Defendants / | Rule 59 Mot. for new |
| | Trial on Judgment 5-30-08 |

Plaintiff filed April 28, 08 a 42 U.S.C. 1983 Complaint challenging constitutionality of S.B. 1128, Prop. 83, on its face seeking declaratory relief, and prospective injunctive relief. Complaint P 6 Para 1, P11 Para 15, P 4 a., P 17 b. Page requested leave to proceed in forma pauperis pursuant to Page v Torrey, 201 F.3d 1136 (9th Cir. 2000).(1) The Judge May 30, 08 granted in forma pauperis status and order of dismissal without prejudice to filing a petition for a writ of habeas corpus. The Judge concluded a claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confine-

1 of 3

(1) Claim of unconstitutionality. Civil L.R. 3-8(b) P 1-2 5-22-08.

ment must be brought in a habeas Petition. Calderon v Ashmus, 523 U.S. 740, 747 (98); Edwards v Balisok, 520 U.S. 641, 648 (97); Preiser v Rodriguez, 411 U.S. 475, 500 (73). Order of Dismissal P1-2. Page timely filed Motion for new Trial FRCP 59 HD: 7-8-08 Citing Huftile v Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 05)[(2)]; Wooley v Maynard, 430 U.S. 705, 711 (77) Pl. Page timely filed Supplemental re: Mot. for new Trial HD: 7-8-08 Inadequate Remedies at Law. P1-3.

    Page hereby appeals the Judgment of Dismissal May 30, 08 and order June 30, 08 denying Mot. for new Trial, to ninth Circuit.

    The issues raised in this appeal whether the district court abused its discretion because 1) the applicable law established in the ninth Circuit based on Huftile holding favorable termination rule of Heck v Humphrey applied to claims for damages and declaratory relief, but not to his claim for injunctive relief preventing infliction of further injury, is binding on the district court; 2) Balisok Ordinarily, a Prayer for prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983, is binding on the district court; 3)

2

(2) The supreme Court stated in Balisok that "Or-

whether the unavailability pretrial remedy of 2241 habeas for reasons such as abstention, a second habeas 2244(b)(2), Page may bring an action for prospective injunctive relief when a genuine threat exist under 1983; 4) whether the district court committed clear error in denying rule 59 motion that presented Huftile's holding. Plaintiff here seeking the very same prospective injunctive relief is not barred by Balisok; 5) whether Page is, in fact, entitled to injunctive relief.

   Dated: July 7, 08

         *Sammy L. Page*
         SAMMY L. PAGE

cc: Edmund G. Brown JR.,
Att. General, San Francisco

3

---

dinarily, a prayer for... prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983." 520 U.S. at 648. While Huftile's claims for damages and declaratory relief are barred by Heck, Huftile's claim for injunctive relief is not barred. We therefore reverse the portion of the district court's order finding a Heck bar to injunctive relief. Id., at 1141.



Sammy L. Page, Co-86-9
P.O. Box 5003, Unit Three Rm. 2
24511 West Jayne Ave
Coalinga CA 93210

United States District Court
Northern District of California

Sammy L. Page,     No. C08-2184-VRW
    Plaintiff,     Notice of Appeal from
    v     Judgment 5-30-08 and
Schwarzenegger, et al.,    Order 6-30-08 denying
    Defendants /   Rule 59 Mot. for new
     Trial, on Judgment 5-30-08

Plaintiff filed April 28, 08 a 42 U.S.C. 1983 Complaint challenging Constitutionality of S.B. 1128, Prop. 83, on its face seeking declaratory relief, and prospective injunctive relief. Complaint P6 Para 1, P11 Para 15, P4 a., P17 b. Page requested leave to proceed in forma pauperis pursuant to Page v Torrey, 201 F.3d 1136 (9th Cir. 2000).(1) The Judge May 30, 08 granted in forma pauperis status and order of dismissal without prejudice to filing a Petition for a Writ of habeas Corpus. The Judge concluded a Claim that would necessarily imply the invalidity of a Prisoner's Conviction or continuing confine-

1 of 3

(1) Claim of Unconstitutionality. Civil L.R. 3-8(b) P1-2 5-22-08.

ment *1- brought in a habeas Petition. Calderon
*1, 523 U.S. 740, 747 (98); Edwards V Bali-
*1, 52c U.S. 641, 648 (97); Preiser V Rodriguez,
U.S. 475, 500 (73). Order of Dismissal P1-2. Page
Motion for new Trial FRCP 59 HD: 7-8-
Fonseca, 410 F.3d 1136,

Sammy L. Page, C0-86-9
P.O. Box 5003, Unit Three Rm. 2
24511 West Jayne Ave
Coalinga CA 93210

United States District Court
Northern District of California

Sammy L. Page, | No. C08-2184-VRW
   Plaintiff, | Notice of Appeal from
V | Judgment 5-30-08 and
Schwarzenegger, et al., | Order 6-30-08 denying
   Defendants | Rule 59 Mot. for new
  | Trial, on Judgment 5-30-08

   Plaintiff filed April 28, 08 a 42 U.S.C. 1983 Complaint challenging Constitutionality of S.B. 1128, Prop 83, on its face seeking declaratory relief, and prospective injunctive relief. Complaint P 6 Para 1, P 11 Para 15, P 4 a., P 17 b. Page requested leave to proceed in forma pauperis pursuant to Page v Torrey, 201 F.3d 1136 (9th Cir. 2000).[1] The Judge May 30, 08 granted in forma pauperis status and order of dismissal without prejudice to filing a Petition for a Writ of habeas Corpus. The Judge Concluded a Claim that would necessarily imply the invalidity of a Prisoner's Conviction or Continuing Confine-

1 of 3

(1) Claim of Unconstitutionality. Civil L. R. 3-8(b) P 1-2 5-22-08.

ment must be brought in a habeas Petition. Calderon v Ashmus, 523 U.S. 740, 747 (98); Edwards v Balisok, 520 U.S. 641, 648 (97); Preiser v Rodriguez, 411 U.S. 475, 500 (73). Order of Dismissal P1-2. Page timely filed Motion for new Trial FRCP 59 HD: 7-8-08 Citing Huftile(2) v Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 05); Wooley v Maynard, 430 U.S. 705, 711 (77) P1. Page timely filed supplemental re: Mot. for new Trial HD: 7-8-08 Inadequate Remedies at Law. P1-3.

    Page hereby appeals the Judgment of Dismissal May 30, 08 and order June 30, 08 denying Mot. for new Trial, to Ninth Circuit.

    The issues raised in this appeal whether the district court abused its discretion because 1) the applicable law established in the ninth Circuit based on Huftile holding favorable termination rule of Heck v Humphrey applied to claims for damages and declaratory relief, but not to his claim for injunctive relief preventing infliction of further injury, is binding on the district court; 2) Balisok ordinarily, a prayer for prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983, is binding on the district court; 3)

2

(2) The supreme court stated in Balisok that "or-

whether the unavailability pretrial remedy of 2241 habeas for reasons such as abstention, a second habeas 2244(b)(2), Page may bring an action for prospective injunctive relief when a genuine threat exist under 1983; 4) whether the district court committed clear error in denying rule 59 motion that presented Huftile's holding. Plaintiff here seeking the very same prospective injunctive relief is not barred by Balisok; 5) whether Page is, in fact, entitled to injunctive relief.

Dated: July 7, 08

*Sammy L. Page*
SAMMY L. PAGE

CC: Edmund G. Brown JR.,
Att. General, San Francisco

3

---

dinarily, a prayer for...prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983." 520 U.S. at 648. While Huftile's claims for damages and declaratory relief are barred by Heck, Huftile's claim for injunctive relief is not barred. We therefore reverse the portion of the district court's order finding a Heck bar to injunctive relief. Id., at 1141.

TO: Clerk, Northern District Court, 450 Golden Gate Ave

Dear Clerk:
Notice of appeal to ninth circuit enclosed re: PAGE v Schwarzenegger, et al., C08-2184-VRW.
Please forward the case file with notice of appeal. FRAP 10(a), Circuit Rule 10-1, 2, FRAP 11(2).

Dated: July 7, 08

*Sammy L. Page*
SAMMY L. PAGE

CC: SLP



BAKERSFIELD CA 933
MOJAVE CA
07 JUL 2008 PM 3 T

Tammy L. Page, co-86-9
P.O. Box 5003, Unit Three, Rm.2
24511 West Jayne Ave
Coalinga CA 93210

United States District
Court Northern District, Clerk
450 Golden Gate Ave
San Francisco CA 94102-3483

94102+34831 C004

Sammy L. Page, C0-86-9
P.O. Box 5003, Unit Three Rm. 2
24511 West Jayne Ave
Coalinga CA 93210



United States District Court
Northern District of California

| | |
|---|---|
| Sammy L. Page, | No. C08-2184-VRW |
| Plaintiff, | Notice of Appeal from |
| v | Judgment 5-30-08 and |
| Schwarzenegger, et al., | Order 6-30-08 denying |
| Defendants / | Rule 59 Mot. for new |
| | Trial, on Judgment 5-30-08 |

Plaintiff filed April 28, 08 a 42 U.S.C. 1983 Complaint challenging Constitutionality of S.B. 1128, Prop. 83, on its face seeking declaratory relief, and prospective injunctive relief. Complaint P6 Para 1, P11 Para 15, P4 a., P17 b. Page requested leave to proceed in forma Pauperis pursuant to Page v Torrey, 201 F. 3d 1136 (9th Cir. 2000).[1] The Judge May 30, 08 granted in forma Pauperis status and order of dismissal without Prejudice to filing a Petition for a writ of habeas Corpus. The Judge concluded a claim that would necessarily imply the invalidity of a Prisoner's Conviction or continuing Confine-

1 of 3

[1] Claim of unconstitutionality. Civil L.R. 3-8(b) P1-2 5-22-08.

ment must be brought in a habeas Petition. Calderon v Ashmus, 523 U.S. 740, 747 (98); Edwards v Balisok, 520 U.S. 641, 648 (97); Preiser v Rodriguez, 411 U.S. 475, 500 (73). Order of Dismissal P1-2. Page timely filed Motion for new Trial FRCP 59 HD: 7-8-08 Citing Huftile v Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 05)(2); Wooley v Maynard, 430 U.S. 705, 711 (77) P1. Page timely filed Supplemental re: Mot. for new Trial HD: 7-8-08 Inadequate Remedies at Law. P1-3.

    Page hereby appeals the Judgment of Dismissal May 30, 08 and order June 30, 08 denying Mot. for new Trial, to ninth Circuit.

    The issues raised in this appeal whether the district Court abused its discretion because 1) the applicable law established in the ninth Circuit based on Huftile holding favorable termination rule of Heck v Humphrey applied to claims for damages and declaratory relief, but not to his claim for injunctive relief preventing infliction of further injury, is binding on the district Court; 2) Balisok Ordinarily, a Prayer for Prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983, is binding on the district Court; 3)

2

(2) The supreme Court stated in Balisok that "Or-

whether the unavailability pretrial remedy of 2241 habeas for reasons such as abstention, a second habeas 2244(b)(2), Page may bring an action for prospective injunctive relief when a genuine threat exist under 1983; 4) whether the district court committed clear error in denying rule 59 motion that presented Huftile's holding. Plaintiff here seeking the very same prospective injunctive relief is not barred by Balisok; 5) whether Page is, in fact, entitled to injunctive relief.

Dated: July 7, 08

*Sammy L. Page*
SAMMY L. PAGE

cc: Edmund G. Brown JR.,
Att. General, San Francisco

3

---

dinarily, a prayer for... prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983." 520 U.S. at 648. While Huftile's claims for damages and declaratory relief are barred by Heck, Huftile's claim for injunctive relief is not barred. We therefore reverse the portion of the district court's order finding a Heck bar to injunctive relief. Id., at 1141.

Sammy L. Page, C0-86-9
P.O. Box 5003, Unit Three Rm. 2
24511 West Jayne Ave
Coalinga CA 93210

United States District Court
Northern District of California

| | |
|---|---|
| Sammy L. Page, | No. C08-2184-VRW |
| Plaintiff, | Notice of Appeal from |
| v | Judgment 5-30-08 and |
| Schwarzenegger, et al., | Order 6-30-08 denying |
| Defendants | Rule 59 Mot. for new |
| | Trial, on Judgment 5-30-08 |

Plaintiff filed April 28, 08 a 42 U.S.C. 1983 Complaint challenging Constitutionality of S.B. 1128, Prop. 83, on its face seeking declaratory relief, and prospective injunctive relief. Complaint P 6 Para 1, P 11 Para 15, P 4 a., P 17 b. Page requested leave to proceed in forma pauperis pursuant to Page v Torrey, 201 F.3d 1136 (9th Cir. 2000).(1) The Judge May 30, 08 granted in forma pauperis status and order of dismissal without prejudice to filing a Petition for a Writ of Habeas Corpus. The Judge concluded a claim that would necessarily imply the invalidity of a Prisoner's conviction or continuing confine-

1 of 3

(1) Claim of Unconstitutionality. Civil L.R. 3-8(b) P 1-2 5-22-08.

ment must be brought in a habeas Petition. Calderon v Ashmus, 523 U.S. 740, 747 (98); Edwards v Balisok, 520 U.S. 641, 648 (97); Preiser v Rodriguez, 411 U.S. 475, 500 (73). Order of Dismissal P 1-2. Page timely filed Motion for new Trial FRCP 59 HD: 7-8-08 Citing Huftile(2) v Miccio-Fonseca, 410 F.3d 1136, 1141 (9th Cir. 05); Wooley v Maynard, 430 U.S. 705, 711 (77) P1. Page timely filed supplemental re: Mot. for new Trial HD: 7-8-08 Inadequate Remedies at Law, P 1-3.

    Page hereby appeals the Judgment of Dismissal May 30, 08 and order June 30, 08 denying Mot. for new Trial, to Ninth Circuit.

    The issues raised in this appeal whether the district court abused its discretion because 1) the applicable law established in the Ninth Circuit based on Huftile holding favorable termination rule of Heck v Humphrey applied to claims for damages and declaratory relief, but not to his claim for injunctive relief preventing infliction of further injury, is binding on the district court; 2) Balisok ordinarily, a prayer for prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983, is binding on the district court; 3)

2

(2) The Supreme Court stated in Balisok that "or-

whether the unavailability pretrial remedy of 2241 habeas for reasons such as abstention, a second habeas 2244(b)(2), Page may bring an action for prospective injunctive relief when a genuine threat exist under 1983; 4) whether the district court committed clear error in denying rule 59 motion that presented Huftile's holding. Plaintiff here seeking the very same prospective injunctive relief is not barred by Balisok; 5) whether Page is, in fact, entitled to injunctive relief.

Dated: July 7, 08

*Sammy L. Page*
SAMMY L. PAGE

CC: Edmund G. Brown Jr.,
Att. General, San Francisco

3

dinarily, a prayer for...prospective relief will not necessarily imply the invalidity of a previous loss of good-time credits, and so may properly be brought under 1983." 520 U.S. at 648. While Huftile's claims for damages and declaratory relief are barred by Heck, Huftile's claim for injunctive relief is not barred. We therefore reverse the portion of the district court's order finding a Heck bar to injunctive relief. Id., at 1141.

TO: Clerk, Northern District Court, 450 Golden Gate Ave

Dear Clerk:
Notice of appeal to ninth circuit enclosed re: PAGE v Schwarzenegger, et al, C08-2184-VRW.
Please forward the case file with notice of appeal. FRAP 10(a), Circuit Rule 10-1, 2, FRAP 11(2).

Dated: July 7, 08

*Sammy L. Page*
SAMMY L. PAGE

CC: SLP

SAMMY L. PAGE, CO-86-9
P.O. Box 5003, Unit Three, Rm.2
24511 West Jayne Ave
Coalinga CA 93210

United States District
Court Northern District, Clerk
450 Golden Gate Ave
San Francisco CA 94102-3483

